WILLIAM HOLCOMBE, Plaintiff in Error, vs: ALFRED TRACY, Defendant in Error.

The Act of 1851, page 330, Chap. 70, of Revised Statutes, requiring an action upon a judgment or decree of a Court of the United States, or of any State or Territory of the United States, to be commenced within ten years, is not to be treated as an original act, but as amendatory, and to be construed with reference to the former law. Where a Statute of limitations has once commenced to run against a cause of action, any change or amendment of the law, as to the time limited, necessarily applies to such cause of action—subject to the restriction against impairing the obligation of contracts, and to the right to a reasonable time, after the passage of the act, for the commencement of actions on such demands.

A denial, in an answer, that the judgment upon which the action is based is the property of the Plaintiff, and an allegation that it was the property of another person at the time of the commencement of the action, raises a good issue, without setting out the *facts* of the assignment of the judgment to such third person.

This action was commenced in the District Court of Washington County.

The Complaint was founded upon a record of a judgment of the Circuit Court of Saint Louis County, Missouri, rendered the 22d day of December, 1840. The action was commenced by service of the summons, on the Defendant, on the 27th June, 1856.

The Defendant, Holcombe, appeared and answered,

*First.* That the judgment set forth in the complaint, was not at the commencement of the action, owned by, or the property of the Plaintiff, but that the same was then owned by, and the property of one Park Loomis, of the State of Connecticut.

*Second.* That the action had not been commenced at any time within ten years after the cause of action accrued.

The Reply of the Plaintiff alleges, that when the judgment was obtained against the Defendants they were out of the Territory of Minnesota; that neither of them came or returned to said Territory, until in or about the year 1848 or 1849, when the Defendant Holcombe, came and returned to said Territory.

Upon motion the Court struck out the *first* part of Defendant's answer; and thereupon the Plaintiff moved for judgment, because the Statute of 1851, requiring actions upon judgments to be commenced within ten years, has not retrospective effect, and the Plaintiff might lawfully commence said action at the

time when the same was commenced upon said judgment, notwithstanding said Statute—which motion was granted and judgment entered accordingly. Which is reviewed by Writ of Error from this Court.

The points and authorities of the respective parties are not on file.

M. E. AMES, Counsel for Plaintiffs in Error.

WM. HOLLINSHEAD, Counsel for Defendant in Error.

*By the Court.*—L. EMMETT, J. On the 22nd of December, A. D. 1840, a judgment was rendered in the Circuit Court of the County of St. Louis, Missouri, against William Holcombe and Reuben M. Strother, and in favor of the firm of E. & A. Tracy, for the sum of $1158,00. On the 27th of June, 1856, Alfred Tracy, as the surviving partner of the firm of E. & A. Tracy, commenced an action on this judgment in Washington County, Minnesota, but obtained service on Holcombe only, who answered, alleging that the Plaintiff was not the owner of said judgment, but that it belonged to and was owned by one Parke Loomis, of Suffield, Connecticut, and he also pleaded the statute of limitations of 1851, which prescribed ten years as the time within which actions shall be commenced on judgments or decrees of a Court of the United States, or of any State or Territory of the United States. The defence first set up was stricken out by the Judge on motion of the Plaintiff. And to the plea of the statute of limitations the Plaintiff replied that at the time the judgment was rendered against the Defendants, they were out of the Territory of Minnesota, and that neither of them came or returned to the said Territory, until in or about the year 1848 or 1849. Something more than a year after the service of this reply, the Plaintiff moved for a judgment notwithstanding the answer, and on the hearing the Court gave judgment against the Defendant for the amount claimed with costs.

It is insisted that the Court below erred both in striking out the defence first set up, and in giving judgment regardless of the plea of the statute of limitations.

By the law in force here at the time judgment was rendered by the Missouri Court, and until October 1849, an action upon a judgment of a Court of the United States, or any State or Territory of the United States, was barred, unless commenced within twenty years. *Wis. R. S.* 1839, *pp.* 261, 263, *Sec.* 22 *and* 26. This law was amended by the Legislature of the Territory of Minnesota, by an act approved October 31, 1849, whereby the time limited for commencing actions on such judgments was reduced to six years, and the act expressly declared that the time during which any person had resided in the Territory of Wisconsin, should be taken as a part of the time therein limited. This declaration was perhaps unnecessary but was doubtless inserted for greater certainty and to prevent parties from being deprived of a defence, by reason of the then recent change in the name and organization of the government. It may also be regarded as a clear indication of an intention on the part of the Legislature to apply the law as changed to causes of action then existing.

At the session of 1851, the Legislative Assembly of the Territory of Minnesota passed the " Act for reviewing and consolidating the general Statutes of the Territory, " and by this act the time for commencing actions on such judgments was again changed from six years to ten years, but the declaratory clause before mentioned, was omitted.

This revising and consolidating act was approved on the 31st day of March, 1851. It was not however to take effect until the 1st day of September, 1851. It also contained a general clause repealing all acts and parts of acts previously passed of every kind and description, unless especially enumerated therein as exceptions.

The argument has been conducted on the part of the Defendant in Error, as if the act of 1851 were an entirely new and original act, and to be construed and applied without reference to the former law. And it is claimed therefore that it cannot have a retrospective operation, or apply to causes of action which had accrued before it took effect, but must operate alone *in futuro.*

We, however, in view of the title of this act—the facts recited in the preamble—the object sought to be attained, and

the history of our local legislation on this subject—cannot concur with the learned counsel in this position, but rather consider the act of 1851, so far at least as regards the subject under consideration, as a mere amendment to the law as it formerly stood, and to be construed and applied with direct reference to the former law.

It cannot certainly be admitted that a mere change or amendment in the time of limitation, introduces a new point or period from which alone the act can take effect. If that proposition be correct, then the change from twenty years to six years, by the law of 1849, and again from six years to ten years by the act of 1851, would have the effect of adding to the time the Statute may already have run against any particular cause of action, the full time limited by either of these acts. A cause of action, therefore, against which the old Statute may have run nineteen years, when the act of 1849 was passed, would by that act have been kept alive until 1855, and after the passage of the act of 1851, the right of action thereon would not be barred until after the 1st of Septenber, 1861, more than thirty years from the time the cause of action accrued.

This, it will be observed, would be prolonging the existence of stale demands, contrary to the settled policy of modern legislation, and when the evident intention of the Legislature was to shorten the time prescribed by the old Wisconsin law. Give such a construction to mere changes as to the time, and it becomes possible, by means of amendments adroitly suggested by the designing, for the Legislature, contrary perhaps to the wishes and desires of its members, to perpetuate *ad infinitum*, the right of action on claims long since rendered obscure and questionable by lapse of time.

That acts of limitation apply to existing demands, at least from the time of their enactment, can admit of no doubt. I have not been able to find a single instance where a Court has gone so far as to hold that an action could be maintained on a cause existing at the time of the passage of the law, when the time limited had expired after the law took effect.

But it is claimed that for all time previous to the time the

Holcombe v. Tracy.

law is enacted, the laws then in force must govern, and numerous cases are cited in support of this position.

Many States of the Union have expressly provided that their statutes of limitation shall not apply to actions commenced, nor to causes of action already accrued at the time of their enactment, but that as to such actions and causes of action the old statutes should remain in force. Most of the authorities cited and relied upon by the Defendant in Error are from States having such or similar provisions in their statutes, and can, therefore, have but little bearing on the question presented here. Other of the decisions are founded upon the authority of those just referred to, without seeming to notice that they depend upon a peculiar statutory provision, and consequently are still more unsatisfactory; and it is believed that such is the origin of every decision, where it is laid down as a rule that the law governs which was in force at the time the contract was made or the cause of action accrued.

That it is within the power of a State Legislature to enlarge or lessen the time limited for the commencement of actions there can be no well-founded doubt, so long as the obligations of contracts are not impaired. No one will seriously contend that the present statute may not be so amended as to extend the time, now limited at ten years, to fifteen years, or to restrict it to five years: and we hold that the effect of such an amendment would not be to wipe out as it were the time the statute may already have run, and give the party ten or fifteen years thereafter, as the case might be, to commence his action in, but rather that the party in the one case would get the benefit of five years added to the time already allowed him, dating from the time the cause accrued, and in the other he would be compelled to begin five years sooner than he would have been required to do if the change had not been made, unless the old statute already run five years, in which case a reasonable time *must be allowed*, so as not to deprive him altogether of a remedy. If a former statute has once commenced to run, a new law or an amendment changing the time would simply add to or diminish the time, as the case might be, but in every other respect have full application to existing demands, unless a different rule is clearly provided by the act making the change.

32

It follows, therefore, that the question as to whether the Defendant in Error was barred of his right of action at the time this action was commenced depends wholly upon the time the statute commenced to run against him, or, in other words, upon the time when Holcombe came within the operation of the Statutes of the Territory of Wisconsin.

This is directly put in issue by the reply—a denial of the facts therein alleged not being required. If, as the Defendant in Error alleges, this was not earlier than the year 1848, then the action was not barred in June 1856, for ten years had not then expired: but if the time of this return was prior to June 1846, then, as the time thence to the 1st of September 1851, with the addition of the time transpiring between Sept. 1st, 1851, and the commencement of the action, would be more than ten years, the action was barred; or if this return was as early as August 1845, then this cause of action would have been barred by the Act of October 31, 1849, for the six years limited by that act would have expired before the Act of 1851 took effect, unless, indeed, the time limited by either act had already run at the time of its enactment, in which case such act could not apply to this cause of action so as to deprive the Defendant in Error of his remedy altogether.

Statutes of limitation concern the remedy, and are clearly within the powers of the Legislature, subject to the restriction against impairing the obligation of contracts, imposed by the Constitution of the United States, and although long doubted, it is now well settled that they may affect or apply to existing demands, if enacted with discretion, and a reasonable time be allowed for the commencement of action thereon. These seem to be the sole restrictions, upon the power of the Legislature over the subject, and should they ever be exceeded, the Courts may always be relied upon to declare the law unconstitutional, or to refuse to apply it in such manner as to deprive any party of a reasonable time to bring his action. If the Statute itself in terms provides that reasonable time, or does not take effect until a reasonable time after its enactment, it is not obnoxious to the objection that it impairs the obligation of contracts.

This proposition seems well established, and although we have found no decisions on cases where the Statute itself did

not make provision for existing demands, we see no reason in principle, why the Courts may not, without such provision, give on the one hand, reasonable time after the passage of such law, for the commencement of actions on such demands, and on the other require that the action shall be commenced within such reasonable time, or be barred. It is not however necessary so to decide in this case, for until the issue tendered by the reply is determined, we cannot tell whether such a doctrine would be applicable, nor for the same reason is it material to determine whether the five months transpiring between the enactment and taking effect of the law of 1851, did not give a reasonable time for the commencement of actions on all claims or causes, not barred by former laws, which would have run ten years by the time the act was to take effect.

It is sufficient for the decision of the present case to hold as we do that the act of 1851 is not to be treated as an original act, but as amendatory of, and to be construed with reference to the former law. That where a Statute of limitations has once commenced to run against a cause of action, any change or amendment of the law, as to the time limited, necessarily applies to such cause of action, with the exception before mentioned as to reasonable time, unless the Statute in express terms or by reasonable intendment otherwise directs. That the plea of the Statute as set up by the Plaintiff in Error is a good defence, unless the facts alleged in the reply are found to exist. That the Defendant in Error must establish affirmatively the truth of these allegations, or he cannot recover in his action.

And that therefore the order of the Judge granting a judgment to the Plaintiff below, notwithstanding the answer, together with the judgment thereon, is erroneous, and must be reversed.

As to the defence first pleaded, "that the judgment on which the action was brought, was the property of and belonged to one Parke Loomis," a majority of the Court is satisfied that the defence is well pleaded, notwithstanding the contrarity of decision on the subject, and that the Judge erred in striking it out.

It is believed that it sufficiently advises the other party of the nature of the defence intended to be relied on, although

the particulars thereof are not stated. Indeed, it may be said, that the Plaintiff, rather than the Defendant, may be presumed to be the party most likely to have possession of the facts constituting the change of ownership, of the particulars of which the Defendant may be entirely ignorant. It is not deemed necessary, however, to discuss this point at length, as the question first considered effectually disposes of the case.

A new trial must be awarded.