Daniel Stine, *et al.*

*vs.*

D. C. Bennett.

The publication of a general law in a newspaper, under *Sections* 4 and 5, of *Chap.* 3, of the *Compiled Statutes*, is sufficient, if such publication is required at all before the law can be in force, and the presumption is that the law was published immediately in pursuance of these sections.

An act of the Legislature, approved Feb. 16, 1865, changing the limitation of actions, which, by its provisions, was not to take effect till the first of July succeeding, was, from the date of its approval, or at least from its publication, notice to all persons of its existence and terms, and that at the time appointed for it to take effect, it would be operative for all purposes.

*Ch.* 20 of the *Laws* of 1865, applies to causes of action existing, and prospective, and is constitutional.

The time limited for bringing an action on a judgment of another state under *Ch.* 20 of the laws of 1865, having expired during the existence of that act, under the provisions of the general statutes, was unaffected by the repeal of the act.

This action was brought in the District Court for Olmsted County, and judgment was rendered therein for defendants. The plaintiffs appeal from such judgment to this Court. The case is fully stated, in the opinion of the Court.

Jones & Butler for Appellants.

Stearns & Start for Respondent.

*By the Court*—McMILLAN, J.—The plaintiffs allege, in due form, for a cause of action, a judgment in their favor, recovered in the Circuit Court of Monroe County, Wisconsin, on the 20th day of October, 1858, against the defendant and one Porter Aylesworth, in an action upon two joint and several promissory notes made by the defendant and said Aylesworth, and delivered to the plaintiffs.

The answer of the defendant, after putting in issue the record of the judgment, for a second defense sets up the statute of limitations. The action was tried before the Court without the intervention of a jury, whereupon the judge found as facts—(1) The recovery of the judgment on the 20th day of October, 1858, in the Circuit Court of Monroe County, Wisconsin, its record in said Court, and that no part of it is paid. (2) That the judgment was not made and recovered, and that the cause of action did not accrue within six years next before the 31st day of July, 1866; and this action was commenced since that time, to wit: on the 24th of September, A. D. 1866, as alleged in the answer; and as a conclusion of law, that the action was barred by the statute of limitations in this State. It appears by a stipulation contained in the paper book "that on the trial the plaintiffs offered to prove, and it was agreed by the parties, that the County Auditor would testify that the Session Laws of this State for the year 1865 were received by the County Auditor of said county on the first day of August, 1865, by express, from the Secretary of State; and that the time usually occupied in transmitting packages by express from St. Paul to the county seat of said county was four days; to which the defendant objected as irrelevant; that said facts should be considered in evidence on the trial of this action before said Court, subject to the decision of the Court on such objection." We regard the objection to the evidence as well taken. The distribution

of the Session Laws did not affect the validity or operation of the law. Even conceding, for the purposes of this case, that the publication of the law was necessary before it could be in force, the publication in a newspaper, under *Sections 4 and 5 of Chap. 3, of the Compiled Stat.*, was all that was necessary; and the presumption is, that the law was published immediately in pursuance of these sections.

It does not appear distinctly whether the Court passed upon the objection to this testimony or not; but as the testimony was in the case, and the point is presented, we deem it proper to determine it here.

We pass now to the questions arising upon the findings of the Court.

Prior to the act of 1865, the compiled statutes limited the time within which an action could be brought upon a judgment or decree of a Court of the United States, or of any State or Territory of the United States, to ten years. *Compiled Statutes, Chapter 60, Sections 3 and 5, page 532.* By an act of the Legislature of 1865, *sec. 5 of chap. 60, of the Compiled Statutes*, cited ante, was amended so as to embrace within its provisions only judgments or decrees of Courts of the United States, and of the State of Minnesota; and subdivision one of section six, was amended so as to embrace judgments or decrees of any Court of any State or Territory of the United States, except those mentioned in section five, (*Laws of Minn.*, 1865, *ch.* 20, *p.* 57) thus making six years the limitation of actions on judgments or decrees of any State Court, except those of our own State. *Section 3 of the Act of* 1865 is as follows: "This act shall take effect and be in force on and after the first day of July next." The act was approved February 16, 1865.

The important questions are: 1. Is the act of 1865 retrospective in its operation? 2. If so, is it constitutional?

We think this act was intended to apply to causes of action existing and prospective. We are led to this conclusion, because the language, in its fair acceptation, may reasonably be applied to causes of action of both kinds, and because the operation of the act is postponed from the 16th of February, 1865, to the first day of July, then next. No reason is apparent why the law makers should depart from the ordinary course of legislative action, by postponing the operation of the law, except it be, that parties interested might have notice of the passage of the law, and proceed to exercise their then existing rights before its operation should prevent them from doing so. *Burwell vs. Tullis*, 12 *Minn.*, 578. A further reason for this position, and one we think entitled to great weight, is that *Section 5 of Chapter* 60, *of the Compiled Statutes*, was the only section which, at the time of the passage of the act in question, prescribed a limitation to actions upon judgments of Courts of other States, and the section as amended, does not embrace such judgments: if, therefore, such judgments, existing at the time of the passage of the act of 1865, are not embraced in section two of that act and actions therein limited to six years, they are without any limitation, and actions may be brought thereon at any time. We can discover no reason why such a discrimination should be made in favor of existing judgments, and against prospective judgments, and we think it would be unreasonable to infer from the language of the act of 1865, that the legislature intended to create a distinction of this character between them.

The law being retroactive, in this instance, the moment it goes into effect as a rule of limitation of actions, it takes away all remedy from the plaintiffs, for their cause of action accrued at the date of the judgment, which is Oct. 20, 1858, and more than six years from that time had elapsed at the time of the passage of this law. Is the law constitutional? The author-

Stine et al., v. Bennett.

ity of the legislature, to prescribe a change in the manner of enforcing rights of action, existing and prospective, is well settled, with this restriction, that a remedy must not in any case be altogether denied. *Smith vs. Morrison*, 22 *Pick.*, 430 ; *Holcomb vs. Tracy*, 2 *Minn.*, 246 ; *Heyward vs. Judd*, 4 *Ib.*, 483. Does this law practically deny a remedy to the plaintiffs ? There is no doubt, if this act, instead of the section postponing the operation of the law, had contained a provision that all actions on judgments of courts of other States, should be commenced within a specified and reasonable time after the passage of the act, otherwise they should be forever barred, it would have been constitutional. We think there would be no substantial difference between such a law, and the one under consideration. This act, upon its passage by the legislature, and approval by the Governor, had all the constitutional requisites of a law in our state. As a public law, therefore, although by its provisions not to take immediate effect, all persons were required, from its approval, or at least from its publication, to take notice of its existence and terms, and that at the time appointed, its provisions would be operative for all purposes : this gave notice to all, that a change in the law regulating the remedy upon the causes of action embraced in the act, would take place at the time appointed to determine its suspension, and that thereafter the remedy could be enforced only within six years from the time the cause of action accrued. *Smith vs. Morrison*, 22 *Pick.*, 430 ; *Hedger vs. Rennaker*, 3 *Met.*, (*Ky.*,) 25 8; *see also, Burwell vs. Tullis*, 12 *Minn.*, 578 ; *Sedgwick on Stat. and Const. Law, pp.* 134-5, *and authorities cited in Notes*; *Ib.* 691 ; *Holcomb vs. Tracy*, 2 *Minn.*, 246.

With the notice, the parties had the opportunity of saving their rights by commencing their action before the law went into effect, and not having done so, the action is barred. We

think the act is constitutional. Whether it is within the exclusive power of the legislature to determine in a case of this kind, what is a reasonable length of time to be allowed for the enforcement of a right, it is not necessary for us at this time to determine, as in any event we regard the time between the passage of this law and the day of its going into effect as reasonable.

It is urged that the amendment of 1865 is expressly repealed by the General Statutes, and a new limitation made, and that by *Ch.* 122, *Sec.* 7, this cause of action is expressly saved from the effect of the act of 1865.

The General Statutes took effect from and after the 31st of July, 1866. *Genl. Stat., Ch.* 121, *Sec.* 2, *p.* 676. The amendment of 1865 was expressly repealed from and after that day, (*Ib., Ch.* 122, *Sec.* 1, *p.* 677, 692), and a new law passed on the same subject. The period of limitation in this case had expired under the law of 1865, and by the provisions of the General Statutes was unaffected by the repeal of the act. *Genl. Stat., Ch.* 121, *Secs.* 3, 4, 7 ;· *Wright, v. Oakley,* 5 *Met.,* 407.

We think the findings of the Court below are correct.

The judgment is affirmed.