# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF NORTH DAKOTA

JUDSON C. OSBORNE *vs.* CHRISTIAN L. LINDSTROM.

Opinion filed October 31, 1899.

**Limitation of Action Upon Judgment.**

Section 5200, Rev. Codes, which limits the time in which actions may be brought upon judgments, applies to judgments that had been rendered prior to the enactment of that section, as well as to judgments subsequently entered; and such statute does not operate upon existing causes of action from the date of the statute only, but, whenever the old statute of limitations had begun to run against a cause of action prior to the enactment of section 5200, the time so run constitutes a part of the limitation period declared by said section.

**When Cause of Action Accrues.**

A cause of action upon a judgment accrues when the judgment is rendered, and not when leave to sue thereon is obtained from the court.

**Statute Concerning Stay Inapplicable.**

The commencement of an action on a judgment is not stayed within the meaning of section 5215, Rev. Codes, during the time the judgment creditor is required to obtain leave of court in order to bring suit thereon.

**Amendment of Limitation Statute—Reasonable Time Within Which Action May be Commenced.**

In all cases when the legislature shortens a statutory period of limitation, and makes the amended law apply to existing causes of action, it must fix a time within which action may be brought upon existing causes of action that would otherwise be barred by the amended law, and, if the time so fixed is so short that it amounts to a practical denial of an opportunity to sue, courts will declare the time unreasonable, and the act unconstitutional, on the ground that it deprives the party of his property without due process of law.

**Fixing Time Within Which an Action May be Brought is Legislative Function.**

But the power of the courts is limited to passing upon the acts of the legislature, and, if the legislature has failed to act, courts cannot supply the lapse. Fixing the time within which to bring action is purely a legislative function. In so far as the language of the case of Bank v. Braithwaite, 7 N. D. 358, 75 N. W. Rep. 244, conflicts with these views, it is disapproved.

**Time Between Passage of Act and the Date at Which it Takes Effect Considered.**

The time between the date of the passage of an act and the date at which it takes effect will be considered by the courts in passing upon the question as to whether reasonable time had been given in which to bring suit. In such cases, the courts hold that, in postponing the date at which the law should take effect, the courts intended that the intervening time should be given in which to assert rights.

**Limitation Depending Upon Happening of a Subsequent Event.**

The limitation so fixed may depend upon the happening of a subsequent event, provided such subsequent event cannot possibly happen until after the expiration of a reasonable time in which to bring actions on existing causes of action that would otherwise be barred.

**Effect of Limitation Statute Upon Existing Causes of Action.**

Chapter 74, Laws 1893, fixed in advance a reasonable time within which actions might be brought on existing causes of action that would otherwise be absolutely barred, under the terms of section 5200, Rev. Codes.

Appeal from District Court, Grand Forks County, *Fisk*, J.

Action by Judson C. Osborne against Christian L. Lindstrom. Judgment for plaintiff, and defendant appeals.

Reversed.

*Cochrane & Corliss,* for appellant.

It is not necessary that the law lessening the time in which to sue, should contain a provision prescribing the period within which persons holding causes of action must sue. *Braithwaite* v. *Bank,* 7 N. D. 358; *Bigelow* v. *Bemis,* 2 Allen, 496; *State* v. *Jones,* 21 Md. 432; *Burke* v. *Ass'n.* 40 Minn. 506. In determining what is a reasonable time, the Court must consider the time when the law was approved, and not the time when it took effect. If a reasonable time has elapsed between its passage and approval and the time when it became operative a reasonable period to sue is thereby afforded. *Braithwaite* v. *Bank,* 7 N. D. 358; *Wrightman* v. *Boone County,* 82 Fed. Rep. 412; *Duncan* v. *Menard,* 21 N. W. Rep. 714; *Eaton* v. *Supervisors,* 40 Wis. 673; *Hedger* v. *Renneker,* 3 Metc. (Ky.) 255; *Smith* v. *Morrison,* 22 Pick. 430; *Stine* v. *Bennett,* 13 Minn. 153; *State* v. *Jones,* 21 Md. 432; *Bigelow* v. *Bemis,* 2 Allen 496; *Korn* v. *Browne,* 64 Pa. St. 55-57; *Pierce* v. *Toby,* 5 Metc. 172; *Clay* v. *Iseminger,* 41 Atl. Rep. 38. The reason of the

rule prohibiting a plaintiff from suing upon a judgment without leave of court, is found in the fact that the common law rule that a party might sue upon a judgment immediately after its rendition often worked hardship to the debtor. § 35, Code C. Pro. 1877; Comp. Laws, § 4831. Under such statutes the fact that leave was not obtained before commencing the suit is not fatal to the action. Plaintiff may obtain an order granting such leave *nunc pro tunc. Stoddard Mfg. Co.* v. *Mattice*, 72 N. W. Rep. 891; *Church* v. *Van Buren*, 55 How. Pr. 489; *Lane* v. *Saulter*, 4 Rob. 239. Such statutes do not prevent the assignee of a judgment or the personal representative of the judgment creditor from suing. *Carpenter* v. *Butler*, 28 Hun. 251; *Hedges* v. *Conger*, 10 N. Y. Supp. 42; *McButt* v. *Hirsh*, 4 Abb. 441; *Tufts* v. *Braistad*, 4 Duer, 607; *Kopper* v. *Howe*, 2 Hilt. 69; *Smith* v. *Britton*, 12 How. Pr. 537. Formerly an action upon a judgment could not be brought after twenty years from the time the cause of action accrued. § § 4833, 4849, Comp. Laws. At the same time the statute now found in Sec. 5215, Rev. Codes, was in force, declaring that the time an action is stayed by statutory prohibition, shall not be considered a part of the limitation period. § 4864, Comp. Laws. If the doctrine of *Weiser* v. *McDowell*, 61 N. W. Rep. 1094, is sound as applied to this case, it would be equally sound under the laws of 1877 and the result would be that no lapse of time would have barred an action upon a judgment. The revisors in cutting down the limitation to ten years, gave the creditor a year to renew his judgment before it would outlaw.

*Bangs & Guthrie,* for respondent.

A cause of action upon a judgment does not accrue until the expiration of nine years from the date of the rendition of the judgment. § 5182, Rev. Codes. If the cause of action does accrue at the date of the rendition of judgment, then the same is stayed for the period of nine years and the statutory stay cannot be considered a portion of the time within which an action may be begun, and plaintiff has nineteen years from the rendition of judgment within which to sue upon it. *Weiser* v. *McDowell*, 61 N. W. Rep. 1094; *Casady* v. *Grimmelman*, 77 N. W. Rep. 1067. The amended statute of limitations enacted in 1895 does not apply to judgments rendered prior to its passage. § 5146, Rev. Codes; Cooley Const. Lim. 455; Suth. St. Constr. 463; 23 Am. & Eng. Enc. L. 448; *Sohn* v. *Waterson*, 84 U. S. 596; 21 L. Ed. 737; Potter's Dwarris on Statutes, 162, n. 9. The reasonable time is computed from the date the new law is passed and not from the time it takes effect. *Bank* v. *Braithwaite*, 7 N. D. 358-372. But this rule cannot apply to the case at bar because among other reasons it was impossible for the legislature to know when the codes would take effect. The legislature did not by express language make the amended statute apply to existing causes of action, as required by § 5146,

Rev. Codes. In shortening the period of limitation, the legislature must give a reasonable time for plaintiff to bring his suit before his right is barred. Is two months and fifteen days a reasonable time? 13 Am. & Eng. Enc. L. 695-696, 697, 701; Cooley's Con. Lim. 449; Wood on Limitation of Actions, 38; *Lewis v. Lewis,* 7 How. 776; *Terry v. Anderson,* 95 U. S. 628; *Sohn v. Waterson,* 84 U. S. 596; *Turner v. New York,* 168 U. S. 789; *McKisson v. Davenport,* (Mich.) 10 L. R. A. 507; *Culbreth v. Downing,* 121 N. C. 205, 61 Am. St. Reps. 661; *Moore v. Brownfield* (Wash.) 34 Pac. 199; *Bowan v. City,* (Wash.) 49 Pac. Rep. 551; *Kennedy v. DesMoines,* (Ia.) 50 N. W. 880; *Webster v. Am. Bible Society,* (Ohio) 33 N. E. Rep. 297; *Parmenter v. State* (N. Y.) 31 N. E. Rep. 1035; *Wooley v. Yarnell,* (Ills.) 32 N. E. Rep. 891; *Price v. Hopkins,* 13 Mich. 318; *Sprecker v. Wakeley,* 11 Wis. 432; *McKinney v. Springer,* 8 Blackf. 506; *Davis v. Miner,* 1 How. 183; *Girdner v. Stephens,* 1 Heisk. 280; *Woart v. Winnick,* 3 N. H. 473; *Goshen v. Stromington,* 4 Conn. 209; *Bradford v. Brooks,* 16 Am. Dec. 715.

BARTHOLOMEW, C. J. This action was brought in April, 1897, upon a judgment rendered in 1883. The defendant answered, pleading the statute of limitations. To this answer a general demurrer was interposed, which was sustained, and, defendant electing to stand upon his answer, final judgment was rendered against him, from which he appeals, assigning error upon the ruling of the court upon the demurrer.

At the time of the rendition of the judgment upon which the action was based, the period of limitation of actions upon judgments was twenty years. Section 52, Code Civ. Proc. 1877. Such remained the law until the Revised Codes of 1895 went into effect, section 5200 of which reduced the limitation to ten years, and a subsequent section repealed the pre-existing limitation law. The Revised Codes were prepared pursuant to chapter 74, Laws 1893. which created a commission for that purpose. That act prescribed the duties of such commission as to existing laws, and by section 4 provided that, as soon as practicable after the adjournment of the fourth legislative session (which would be the session of 1895), said commission should complete its labors by incorporating with the Codes all the laws of that session, should consecutively number the sections, and index the whole, advertise for 30 days for bids for printing the same, and should superintend the printing of 2,500 volumes thereof. Section 7 provided that these volumes should be delivered to the secretary of state, and that thereupon the governor should issue his proclamation announcing such fact, and accepting such Codes, and that the same should go into effect thirty days after the date of such proclamation. The entire Code of Civil Procedure, as it stands in the Revised Codes, was passed as a single bill by the fourth legislative assembly, and was approved March 2, 1895. The printed volumes of the Revised Codes were completed and delivered

to the secretary of state about December 1, 1895, and the governor issued his proclamation accepting the same, so that they went into effect on January 1, 1896.

It will thus be seen that the judgment upon which this action is based was rendered nearly twelve years before the new statute of limitations was enacted, and more than twelve years before it went into effect. It is the contention of respondent that the limitation law of 1895 applies only to causes arising thereafter, and not to pre-existing causes of action, or that, if it be held to apply to causes of action already in existence, as to the cause of action in this case it is unconstitutional, because it bars the cause of action without leaving a reasonable time within which to assert it. On the other hand, appellant claims that the amended law applies to causes of action already existing, as well as to causes thereafter arising, and that as to the cause of action in this particular case the act is constitutional, because respondent was bound to take notice of the passage of the act and of its terms, and he had all the time from that date, to-wit: March 2, 1895, until the act went into effect, on January 1, 1896, within which to bring his action upon the judgment, and that this was a reasonable time therefor. Some of the questions that necessarily arise in this case were involved in the case of *Bank* v. *Braithwaite,* 7 N. D. 358, 75 N. W. Rep. 244, and some of them were there ruled. That case is much discussed by counsel in this case, and it is proper that we state some matters concerning that case that may not wholly appear from the opinion filed. The case arose under this same statute. The limitation of ten years had not run against the judgment there involved at the time of the enactment of the amended statute, nor at the time it took effect, nor until three and one-half months thereafter. We held that as to that judgment the law was constitutional, because there remained a reasonable time within which to assert that cause of action, and that no action could be maintained thereon after ten years. But that was not the chief contention in that case, nor the one to which the energies of counsel and the attention of the court were directed. In that case no attempt was made to bring an action on the judgment. Supplementary proceedings on execution had been instituted before the expiration of the ten years, and were pending when the bar of the statute fell. The chief contention was that such proceedings survived, notwithstanding the bar of the statute, and such was the first judgment of the court. But, on further examination and additional arguments of counsel, we changed our views upon that point, and held that with the falling of the bar the judgment was extinguished, and with it died the supplementary proceedings. But, under these circumstances, the minor questions in the case were not, perhaps, as carefully considered as they would have been had they not been kept thus in partial eclipse. We held in that case that the amended law applied to existing causes of action, and with that holding we are well content.

At the same time we recognize all that counsel urge relative to statutory construction. Generally speaking, statutes act prospectively only, and are not given retrospective effect, unless such was the clear legislative purpose. True, this rule has sometimes been referred to in dealing with statutes of limitation, but never, we think, with entire accuracy, except where it has been sought to apply such a statute to a cause of action that had been asserted before the statute was enacted. That, of course, cannot be done. Ordinarily, statutes of limitation act very much like rules of evidence, which, in one sense, they are. They are to be applied to all cases thereafter brought, irrespective of when the cause of action arose, subject, of course, to the universally recognized rule that they cannot be used to cut off causes of action without leaving reasonable time within which to assert them. Our statute declares that "an action upon a judgment or decree of any court of the United States or of any court or territory within the United States" must be commenced within ten years after the cause of action accrued. That language admits of no exceptions. It covers judgments already rendered, just as certainly as it covers those to be rendered. As we have said, the former statute of limitations was in terms repealed. If we say the new act does not apply to causes of action upon judgments already rendered (and, if not to judgments, then to no other cause of action already accrued), then we have that great mass of causes of action without any limitation whatever, and this confessedly, by reason of a statute that was intended to shorten the period of limitations. But it is perhaps useless to adduce arguments or cite authorities to show the legislative intent. Our statute determines that beyond cavil. Section 5149, Rev. Codes, reads "When a limitation or period of time prescribed in any existing statute for acquiring a right or barring a remedy, or for any other purpose, has begun to run before this Code goes into effect, and the same or any limitation is prescribed in this Code, the time which has already run shall be deemed part of the time prescribed as such limitation by this Code." That section can be given no force whatever, unless our statute of limitation were intended to apply to causes of action upon which the old statutes of limitation had commenced to run before the new went into effect. That section is also a complete answer to another argument made by respondent. To avoid the absurdity of leaving a large mass of causes of action without any limitation under the statute, counsel argue that the amended statute does apply to pre-existing causes of action, but as to such it operates only from the time it goes into effect, and that all such causes of action will stand unbarred for ten years from that time. In the case of *Sohn* v. *Waterson*, 17 Wall. 596, 21 L. Ed. 737, under a statute which barred absolutely all enumerated causes of action that had existed for the limitation period at the time of the approval of the act, and the wording of which the court declared implied that it covered existing as well

as future causes of action, the court, in order to avoid declaring the act unconstitutional as to causes of action that would be barred thereby, construed the legislative intent to be that the act should apply to existing causes of action, but as to them it should operate only from the date at which it went into effect. But we cannot accept this construction, because our statute in terms declares that, where the statute of limitations had begun to run on an existing cause of action, the period so run should be included as a part of the limitation term fixed by the amended statute.

But respondent contends that his cause of action is not barred for another reason. Section 5182, Rev. Codes, reads: "No action shall be commenced upon a judgment rendered in any court of this state between the same parties within nine years after its rendition without leave of the court for good cause shown and notice to the adverse party." Statutes of this character are very common, and their justice and necessity are too obvious for comment. But it is argued that no cause of action accrues until the right to sue becomes absolute, either by lapse of time or leave of court granted; that the judgment in this case was more than nine years old when suit was brought, hence no leave of court was necessary; but that ten years had not elapsed since the right to sue had become absolute by lapse of time, hence the action is not barred. The case of *Weiser* v. *McDowell,* 93 Iowa, 772, 61 N. W. Rep. 1094, supports that position, not upon any authority whatever, but for certain specified reasons. There was a dissenting opinion in that case, the reasoning of which we much prefer. The legislature of Iowa immediately proceeded to declare that the statute should run from the date of the judgment. Section 3439, Code 1897. Our statute provides that the action shall be brought within the specified time after the cause of action accrues. From the birth of the common law, a judgment has always been regarded as a cause of action. In the absence of restrictions, the owner might sue upon it at once and as often as he desired to harass a defendant. Leave of court cannot constitute a cause of action, neither can it aid a cause of action to accrue. A cause of action accrues when it exists, and a judgment exists from its rendition. A cause of action is complete on the judgment without leave of court. The statute says: "No action shall be commenced * * * between the same parties." It can be enforced by an assignee or personal representative of the judgment creditor. See *Carpenter* v. *Butler,* 29 Hun. 251, and cases there cited. Yet the nature of the claim—the cause of action—is in no manner changed by the assignment. Again, between the same parties, an action may be brought on the judgment without leave of court, and leave subsequently given *nunc pro tunc. Church* v. *Van Buren,* 55 How. Pr. 489; *Manufacturing Co.* v. *Mattice,* (S. D.) 72 N. W. Rep. 891. A cause of action cannot be created or caused to accrue *nunc pro tunc.* It is universal, unless saved by special statute, that, if suit be brought on a cause of action not yet

accrued, it must go down. We are clear that the cause of action accrued when the judgment was rendered.

But section 5215, Rev. Codes, declares: "When the commencement of an action is stayed by injunction or other order of a court or judge, or by statutory prohibition, the time of the continuance of the stay is not a part of the time limited for the commencement of the action." This is the same as section 68, Code Civ. Proc. 1877, and has long been the law in this jurisdiction. Respondent contends, as he could not sue upon the judgment until nine years after its rendition without leave of court, that, granting the cause of action accrued at the rendition of the judgment, yet the period of nine years must not be included in the limitation period, and hence his judgment is not barred. We think this position is unsound. The right to sue is not prohibited; it simply has a condition annexed to it,—a condition that will always be removed when any advantage can accrue to the creditor thereby. Actions against a receiver cannot be brought without leave of court, yet his appointment in no manner interferes with the running of the statute of limitations. High, Rec. § § 135, 184. Again, if the principle now contended for is sound, it has always been sound since that statute has been on our books. Prior to the adoption of the Revised Codes, the limitations on judgments, as we have seen, was twenty years; and by section 35, Code Civ. Proc. 1877, no action could be brought upon a judgment without leave of court. If, then, respondent's contention be correct, the statute would not commence to run against the judgment during the entire twenty years, or at any time, unless this creditor saw proper to obtain leave to sue, and the bar would be complete only after the creditor had obtained leave to sue, and failed for twenty years thereafter to avail himself of it. No such result could ever have been within legislative contemplation. We hold unhesitatingly that the amended statute applies to the judgment in question, and by the terms of the statute such judgment was barred when this action was commenced.

There remains the important query, is the statute constitutional as applied to this judgment? That it is not constitutional, if it did not leave reasonable time within which to assert rights under the judgment, is the unanimous voice of the authorities. The cause of action is property, and it cannot be summarily taken away. Turning again to the *Braithwaite Case,* we there held that the time elapsing between the date of the passage and approval of an act and the date when it should go into effect must be considered in determining whether or not the legislature had allowed reasonable time within which to bring actions on pre-existing causes of action that would be barred by the terms of the act when it became effective. Since that case was decided, the Court of Appeals of New York in *Gilbert* v. *Ackerman,* 159 N. Y. 118, 53 N. E. Rep. 753, 45 L. R. A. 118, has decided the same question directly opposite. Had that decision been reported prior to our decision of the *Braith-*

*waite Case,* perhaps our profound respect for that court might have induced us to reach a different conclusion, but we think not. Justice Gray, who speaks for the Court of Appeals, says that the point had not previously been decided in that state; and he cites *Smith* v. *Morrison,* 22 Pick. 430; *Stine* v. *Bennett,* 13 Minn. 153 (Gil. 138); *Duncan* v. *Cobb,* 32 Minn. 460, 21 N. W. Rep. 714; *Eaton* v. *Supervisors,* 40 Wis. 668; *Hedger* v. *Rennaker,* 3 Metc. (Ky.) 255; *Hart* v. *Bostwick,* 14 Fla. 180; *Wrightman* v. *Boone Co.* (C. C.) 82 Fed. Rep. 412,—which he concedes holds adversely to the views announced in the decision. To these cases we would add *State* v. *Jones,* 21 Md. 432; *Bigelow* v. *Bemis,* 2 Allen, 496; *Korn* v. *Browne* 64 Pa. St. 55; *Clay* v. *Iseminger* (Pa. Sup.) 41 Atl. Rep. 38; *Holcombe* v. *Tracy,* 2 Minn. 241 (Gil. 201); and *Peirce* v. *Tobey,* 5 Metc. (Mass.) 168,—all of which are directly opposed to *Gilbert* v. *Ackerman.* To support that case, *Price* v. *Hopkin,* 13 Mich. 318, is cited. But that case was largely controlled by a provision in the Michigan constitution. Practically, the New York case stands alone, and, under this condition of the authorities, we are constrained to adhere to our ruling upon this point as announced in the *Braithwaite Case.* We used language in that case, however, which, while not necessary to the decision of the case, needs qualification, and some that needs disapproval. We said: "While it is usual for the new limitation law, which cuts down the period within which certain actions may be brought, to provide, in terms, that all suitors whose causes of action have accrued before the change was made should have, in any event, a specified time in which to sue, yet we do not think that this provision is essential to the validity of such a statutory change, when applied to existing causes of action, provided the time actually left in which to sue is not unreasonable." We shall hold in this case that the legislature need not fix an exact time, provided the time they do fix must, in any event, be a reasonable time; but, so far as the language used in the *Braithwaite Case* imports that the legislature need not fix any time, we think it misstates the law, and we do not wish to remain committed to it. Again, it is stated in the syllabi of that case—although the opinion does not fully bear it out—that, in the absence of a legislative provision fixing a time within which actions may be brought on existing causes of action, "the court will determine in each case whether, after the new law took effect, the suitor still had a reasonable time, under such new law, in which to commence his action." That language was wholly unnecessary in the case, and does not meet our approval. When the legislature, in fixing such time, makes it so short that the right to sue is practically denied, courts will declare such time unreasonable, and refuse to enforce the law. But courts cannot go further, and fix a time different from that fixed by the legislature within which suits may be brought, and, if the legislature has failed to fix any time, the courts cannot, in a given case, supply this legislative lapse. The fixing of the time within which to bring

suit, under such circumstances, is purely a legislative function. It is not within the power of the judiciary. We take this earliest opportunity to correct the errors that inadvertently found their way into the Braithwaite Case.

We have said that the legislature must, in each instance, where a limitation period is shortened, fix a time within which actions may be brought on existing causes of action. In nearly all the cases heretofore cited under this head, that was accomplished by passing the act shortening the limitation, with a provision in it that it should not go into effect' until some subsequent date. The courts say that a party is bound to take notice of an act when it is passed. That propostition is fully conceded in *Gilbert* v. *Ackerman*. The courts also say that passing an act with a provision that it shall not go into effect until a subsequent date is, in legal contemplation, equivalent to passing an act to take effect at once, with a provision that suits may be brought on existing causes of action until a specified subsequent date; and that, if the time between the passage of the act and its taking effect gives a reasonable time within which to bring such action, the statute is constitutional, and will be upheld. The cases go upon the theory that in such cases it was the legislative purpose to fix the time between the passage of the act and the date of its going into effect as the time within which suits might be brought on existing causes of action. This reasoning seems to us entirely sound, and it infringes no constitutional right and works no injustice. But, in the application of this reasoning to the case before us, we are somewhat embarrassed by reason of the unusual circumstances attending the passage of the act here involved. As stated, the Code of Civil Procedure as it stands in the Revised Codes, and including this amendment to the prior limitation law, was passed by the fourth legislative assembly, and approved as one act, on March 2, 1895. From that date all persons must take notice of its passage and of its contents. But the act itself did not fix the time when it should go into effect, nor was that time fixed by the fourth legislative assembly. It was fixed by chapter 74, Laws 1893, being the act which created a revising commission, with authority and directions to revise the whole body of our statutory law. It is urged that it cannot be said, with reason, that the legislature, in passing that act, had any intention of fixing a time within which actions might be brought upon existing causes of action, because, in fixing the time at which the laws as revised should go into effect, it had other and more general purposes to subserve, and because it did not know and could not know that any change would be made in the existing limitation statutes. We recognize the difficulties. In no case that we have found have any such conditions been presented to a court. But we do not think the difficulties insurmountable, or such as take the case out of the operation of the principles already announced. While it is true that the legislature of 1893 could not certainly know that the legislature of 1895 would shorten the limita-

tion period upon the recommendation of the revising commission or otherwise, yet it did know that the commission that it had created had full power to recommend such a measure, and that the legislature of 1895 would almost certainly pass it if recommended. It knew, too,—for we must presume that it knew the law, and we must presume that it intended to act within the provisions of the constitution when it did so act,—that, in case the limitation period was shortened, a reasonable time must be given within which to bring actions upon existing causes of action. The fact that, in view of the magnitude of the project which it had inaugurated, that legislature may have had other reasons, and good reasons, for directing that the great volume of statutory law, revised as was contemplated, should not go into effect until some time subsequent to the enactment of such revision, is no legal argument to show that it did not act upon the particular reason here specified. We have no right to assume that it acted upon one good reason, to the exclusion of another good reason. Rather, we are bound to assume that it acted upon all good reasons, and intended to act upon all.

But, again, the legislature did not fix a specific time for the commencement of actions upon existing causes of action. It was limited by the happening of a subsequent event, the time of which was uncertain. It is urged that, as the legislature must fix a reasonable time, it necessarily follows that such time must be so specific and certain that parties can determine, when it is fixed, whether it be reasonable or not. We think that is correct, and we think this act meets this requirement. In other words, where the event that is to limit the time cannot happen until the expiration of a reasonable time, the statute meets the constitutional requirement as fully as if it selected a particular date as the earliest date upon which the event could happen, and declared that such date should limit the time. The practical difficulties that prevented the fixing of a date certain are very obvious. It was not desirable that the Revised Statutes should go into effect and stand as proof of the laws until they had been printed and placed in the hands of those whose duty it was to enforce the law. But it was desirable that they should go into effect as soon as that was accomplished. The legislature could not say that they should go into effect in six months or a year after their passage, because the printed volumes might not be ready. If the time was fixed at two years, the printed volumes might be ready much before that time. The wisest course left to it was the course pursued.

Was the time thus limited necessarily a reasonable time? We must give the legislature credit for ordinary business knowledge, and the court must exercise the same in passing upon the question. The law required the commissioners, after the adjournment of the fourth legislative assembly, to incorporate all the laws passed by that assembly with the general body of the statute law, under the

proper subjects and in the proper place. The whole was then to be consecutively numbered by sections, and an index prepared. The amount of work being thus determined, they were to advertise for thirty days for bids for printing the same. Thereafter contracts were to be entered into, and all the work incident to the publication and binding of the volumes performed. After their completion, they were to be delivered to the secretary of state, and the governor would thereupon issue his proclamation accepting the same, and thirty days thereafter the laws should go into effect. It will be noticed that the law fixes two periods, of thirty days each, aside from the time that must be employed in preparing the matter and completing the volumes. As a matter of fact, it was ten months from the passage of the act until it went into effect. The members of the legislature, as men of ordinary business knowledge, knew that the law could not possibly go into effect, under the terms of the statute, within six months from the date of its passage. The fourth legislative assembly, that passed the amended limitation law, had no occasion to fix a time within which actions might be brought upon existing causes of action. That time had already been fixed by its predecessor. It placed the law within the operation of an existing statute, which fixed such time, and this was equivalent to direct action on its part. Much shorter periods have been upheld. *Stine* v. *Bennett,* 13 Minn. 153 (Gil. 138); *Bigelow* v. *Bemis,* 2 Allen 496; *Smith* v. *Morrison,* 22 Pick. 430. We see no reason why we should not uphold this statute. There is no language in it that in any manner militates against our construction. If we place upon it a different construction, we are forced to declare our limitation law unconstitutional as to existing causes of action that would be barred thereby. That result it is our duty to avoid, if a reasonable construction of the wording will permit. Hence we hold that chapter 74, Laws 1893, fixed in advance a reasonable time within which actions might be brought on existing causes of action that would otherwise be absolutely barred by the terms of secion 5200, Rev. Codes. It follows that respondent's cause of action was barred under the allegations in the answer, and the demurrer to the answer was improperly sustained. The District Court of Grand Forks county will set aside its judgment rendered in this case, and set aside the order sustaining the demurrer to the answer, and enter an order overruling the same.

Reversed. All concur.