THE STATE on the relation of THOMAS *v.* YOUMANS and Others.

The act approved *January* 15, 1849, (L. 1849, p. 64) to amend the 13th article of the 40th chapter of the R. S. 1843, repealed section 462 of that chapter, without any saving provision as to pending suits.

The amount recoverable against a sheriff under section 462 of chapter 40 of the R. S. 1843, was in the nature of a penalty.

There can be no vested right in a penalty until it is reduced to a judgment.

If a penalty does not become executed before a repeal of the statute giving the right of action, it falls with the statute, and can not afterwards be enforced.

ERROR to the *Parke* Circuit Court.

DAVISON, J.—Debt against a sheriff and his sureties on

his official bond. The bond is conditioned in the usual form, for the faithful discharge of the duties of the sheriff, &c. Breach, that the relator, at the *August* term, 1843, recovered a judgment in the *Parke* Circuit Court, against one *Moses Robbins*, for 1,400 dollars. That on the 21st of *September*, 1843, a writ of *fieri facias* was issued on said judgment, which, on that day, went into the hands of *Youmans*, the sheriff, to be by him executed and returned within one year from its date; that the sheriff retained the writ in his possession until long after the expiration of one year from the time he received it, and neglected and refused to return the same into the clerk's office on or before the return day thereof, &c.

Pleas, 1. The relator did not, as alleged, cause a writ of *fieri facias* to be issued. 2. The sheriff did not neglect and refuse to return the execution. 3. No such record and judgment remain in the *Parke* Circuit Court. 4. That the sheriff did not, by virtue of said writ, collect or receive the money therein specified, or any part of it; nor could he at any time while the writ was in his hands do so, because the execution-defendant had no property subject to execution, and was during all that time insolvent.

The first, second and third pleas led to issues of fact. To the fourth there was a demurrer overruled. Judgment was given for the defendants.

An act in force when this suit was instituted, and upon which it was founded, provides that if any officer "shall neglect or refuse to return any writ of execution to the Court to which the same is returnable, on or before the return day thereof, he shall be amerced to the amount, with interest and costs due on such execution." R. S. 1843, c. 40, s. 462.

While the present suit was pending, and before the defendant had pleaded to the action, viz., on the 15th of *January*, 1849, a statute was approved, amending the section just recited. The provisions of that statute are these:

1. "If any sheriff," &c., "shall have neglected or refused, or shall hereafter neglect or refuse, to return any writ of execution," &c., "on or before the return day thereof, the

Nov. Term,<br>1854.<br><br>THE STATE<br>v.<br>YOUMANS.

plaintiff in such execution, or party aggrieved, shall be entitled to recover from such officer and his sureties, the full amount collected and received by such officer, or which he might or should have collected and paid over, with interest, and ten per centum thereon."

2. "That all laws and parts of laws conflicting with the provisions of this act, are, so far as they conflict with the same, hereby repealed." Acts of 1849, p. 64.

The section above quoted was evidently repealed by the amendatory act, without any provision relative to pending suits. Hence, it is contended that the plaintiff can not recover under the repealed law. We concur in that opinion. The act of 1843 clearly imposed on the sheriff a penalty for neglecting to return an execution within the prescribed time. The language is, "he shall be amerced to the amount, with interest and costs, due on the execution." This leaves no room for construction. It is true, if a party under a prior statute has acquired a vested interest, its subsequent repeal would not affect his rights; but that principle is not applicable to the case at bar, because in a penalty there can be no vested right until it has been reduced to a judgment. A mere penalty never vests, but remains executory. If it does not become executed before a repeal of the statute creating the right of action, the penalty falls with the law, and can not be thereafter enforced. Smith's Comm. 896.

*Pope* v. *Lewis*, 4 Ala. 487, decides that no judgment can be rendered for a penalty, after the statute giving it has been repealed, although an action was commenced before the repeal. So in *Butler* v. *Palmer*, 1 Hill 324, it was held that where a statute repeals a former one which imposes a penalty, the right to the penalty becomes extinguished, even though an action has been previously commenced. Indeed the principle is well established, if not elementary, that in cases analogous to the one under consideration, the repeal carries with it all actions founded upon the repealed statute, unless they are saved by the repealing act. *Hunt* v. *Jennings*, 5 Blackf. 195.— *Stephenson* v. *Doe*, 8 Blackf. 508.

Whether the fourth plea was well pleaded or not, is an

inquiry not important to the decision of this case. The declaration itself is defective, because its averments do not bring the case within the amending statute. When that statute was passed, the declaration might have been amended, but this has not been done. The judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*W. P. Bryant* and *A. L. Roache*, for the state.

*E. W. McGaughey* and *J. P. Usher*, for the defendants.