UNION INS. CO. (SIMONDS v.). See Cases Nos. 12,875 and 12,876.

UNION INS. CO. (SYMONDS v.). See Case No. 12,875.

UNION INS. CO. (WINTHROP v.). See Case No. 17,901.

---

## Case No. 14,367.

UNION IRON CO. v. PIERCE et al.

[4 Biss. 327.] [1]

Circuit Court, D. Indiana. May, 1869.

DEBT—PENAL STATUTE—CORPORATIONS—INDIVIDUAL LIABILITY—REPORT OF OFFICERS—CONSTITUTIONAL LAW—STATUTES.

1. Debt will lie upon a penal statute; it lies whenever the obligation is to pay a sum certain, or which may be readily rendered certain, whether the liability arises on simple contract, legal liability, specialty, record or statute.

2. When the charter of a corporation provides that where its officers shall neglect to make and publish certain reports required, they shall be individually liable for all corporation debts contracted while they are officers or stockholders; and when, while they were such, they were guilty of such neglect, and in the mean time the corporation became indebted to the plaintiff by note, —held, that he might maintain an action of debt therefor against such delinquent officers.

3. Where the charter of a corporation required its officers annually, between the 1st and 20th of January, to make and publish a certain report.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

—*held*, that a company incorporated in May, 1867, was bound to make and publish such report in the following January.

4. Declaratory laws, as such, are unconstitutional. They may operate as future rules on subsequent transactions; but, as constructions of prior laws, they are utterly void. The state legislature has no power to construe a statute previously enacted—such construction, as to acts done, is solely for the judiciary.

5. When two statutes of different dates are repugnant, the latter repeals the former to the extent of such repugnancy.

6. Actions on statutes in their nature penal, pending at the time of the repeal of such statutes, cannot be further prosecuted after such repeal.

[Disapproved in Eastman v. Clackamas Co., 32 Fed. 33.]

[Cited in Mitchell v. Hotchkiss, 48 Conn. 21; Kleckner v. Turk (Neb.) 63 N. W. 473.]

[This was an action at law by the Union Iron Company against Winslow S. Pierce and others. Heard on demurrer.]

McDONALD, District Judge. This is an action of debt. A general demurrer is filed to the declaration; and whether the demurrer ought to be sustained, is the question to be decided. The declaration sets up a claim under an "individual liability" clause of the Indiana statute for the incorporation of manufacturing and mining companies. Gavin & H. 425. The 13th section of that act provides that every company incorporated under it "shall, annually, within twenty days from the first day of January," make and publish a report in a newspaper of the county where the company is established, of the amount of its capital stock, debts, &c. And the 15th section of the act provides that, for any failure to make and publish the report required by the 13th section, all the officers of the company "shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof."

The declaration alleges that under said act, divers persons, among whom were some of the defendants, associated together, and, on the 22nd of May, 1867, became a corporation by the name of the White River Iron Company, and that the association fixed the number of directors at seven, and elected a board of directors accordingly, and chose therefrom a president and secretary. The declaration also avers that it was the duty of the officers of the corporation within twenty days from the first of January, 1868, to make and publish a report of the condition of the company, as prescribed by said 15th section of the act under which they were incorporated, and that they wholly neglected and failed to make and publish such report. It is further alleged in the declaration that on a note dated November 17, 1868, executed by said White River Iron Company to the plaintiff for three thousand six hundred and fifty dollars, payable one day after date, in an action pending in the court of common pleas of Marion county,

Indiana, the plaintiff, on the 3rd day of February, 1869, recovered against said White River Iron Company a judgment for three thousand six hundred and ninety-six dollars and eighty-four cents, with costs,—which judgment remains unsatisfied; and that by reason of the premises an action has accrued to the plaintiff to recover of the defendants the amount of said judgment.

In support of the demurrer, it is contended that the action of debt will not lie on the provisions of the statute above cited, under any circumstances; and that as the action has been misconceived the demurrer must be sustained. In support of this view it is said that this is a penal statute and the action it gives is consequently an action in form ex delicto. We do not understand that this consequence follows. We shall hereafter have occasion to inquire whether this is, in the technical sense, a penal statute. We think, however, whether it is such or not cannot settle the form of action to be adopted. For though it be regarded as a penal statute, this circumstance does not tend to prove that debt will not lie on the claim stated in the declaration. The action of debt lies in many cases on penal statutes. At common law, debt is a very extensive remedy. It lies on simple contracts and on specialties for the payment of money. It lies on judgments for money, and on legal liabilities; and it lies for penalties and other liabilities created by statute, requiring the payment of money, when the statute declares no other remedy, and where the amount of the liability is certain or may be readily rendered certain. 1 Chit. Pl. 110–112. And we may lay it down as a general rule, that whenever the obligation is to pay a sum of money which, as to amount, is certain or may be readily rendered certain, whether the liability arises on simple contract, legal liability, specialty, record, or statute, the action of debt is a proper form of remedy.

But the defendants' counsel urge that by the 13th section of the act in question, the White River Iron Company were not bound to make and publish their report in January, 1868, as alleged in the declaration, because it had not then been a corporation for one whole year. They construe that section to require this only after the first year of the existence of the corporation. The language is that the officers "shall, annually, within twenty days from the first day of January, make a report," &c. The word "annually" means every year. And the meaning undoubtedly is, that when a company becomes incorporated under this act, it must, whenever a January comes after such incorporation has been organized, make and publish the report in question. The case of Garrison v. Howe, 17 N. Y. 458, is exactly in point on this question, and settles it against the demurrer.

But the Indiana legislature in April, 1869, and after this suit was commenced, passed

an act amendatory of said 13th section. And that amendment declares "that the word 'annually,' as used in section thirteen of said act, shall be construed to mean once a year after such company has been doing business at least twelve months." And it is urged that this legislative construction must govern us. There can be no doubt that the legislature intended, in passing this amendment, to assume the power to construe the 13th section of the act proposed to be amended; and it is equally certain that the Indiana legislature can exercise no such power. The constitution of this state separates the powers of the state government into three departments—the legislative, the executive, and the judicial—and it prohibits each of these departments from exercising the powers conferred on either of the others. Now, to make a law is a legislative function, which no court can assume; and the construction of a law already made is a judicial act, which no legislature can constitutionally perform. The amendment in question is a judicial act in so far as it attempts to declare the meaning of the term "annually" as it occurs in the 13th section of the old act. This amendment may operate as a future rule on subsequent transactions; but it cannot operate retrospectively and on past events. It is a well-established rule of American jurisprudence, that all declaratory laws, as such, are unconstitutional.

But the first section of the act of April, 1869, is not declaratory. It provides that the 15th section of the act for the incorporation of manufacturing and mining companies shall "be amended to read as follows, to-wit: If any certificate or report made, or public notice given, by the officers of any such company, as required by this act, shall be false in any material representation; or if they shall fail to give such notice or make such report, and any person or persons shall be misled or deceived by such false report or certificate or on account of such failure to make such report, and damaged thereby, then all the officers who shall sign the same, knowing it to be false, or fail to give the notice or make reports as aforesaid, shall be jointly and severally liable for all damages resulting from such failure on their part while they are stockholders in such company."

This act was passed and took effect April 30, 1869. The present suit was commenced April 23, 1869. Under these circumstances, the defendants contend that the first section of the amendatory act, above cited, repeals the statute on which this action is founded, and takes away the right of action which the plaintiff had at the time of the commencement of this suit. Two questions arise on this point, namely, 1. Does the first section of the act of April 30, 1869, repeal those provisions in the act of which it is amendatory which gave the right of action on the facts stated in the declaration? 2. If so, does the re-

peal defeat this action? We will examine these questions separately.

1. As to the repeal. We have already seen that the 15th section of the original act for the incorporation of manufacturing and mining companies provides that if the officers of any such company shall fail to make the report or give the notice required by the 13th section of that act, all the officers so failing shall be jointly and severally liable for all the debts of the company contracted while they are stockholders or officers thereof. We have copied above the first section of the act of April 30, 1869, which it is insisted repeals said provision of the 15th section of the original act, and on which the present action is founded. It is certain that said first section and said fifteenth section are utterly inconsistent. Each gives a different remedy; and the first section gives no remedy in the case made by the declaration. There is, then, such a repugnancy between the two that they cannot both stand. The amendatory act, indeed, contains no repealing clause. But that is undecisive of the point in question. It is too well settled to require the citation of authorities, that when there are two repugnant statutes of different dates, the latter repeals the former to the extent of the repugnancy. From the nature of the case, this must be so in all systems of jurisprudence. With us this rule has been so long and so well established that it has taken the form of a maxim—"Leges posteriores priores contrarias abrogant." I conclude, therefore, that the act of April 30, 1869, repeals the 15th section of the original act for the incorporation of manufacturing and mining companies, so far as the latter gives an action merely for a failure to report and publish a statement of the condition of the company.

2. As the amendatory act repeals the law on which the plaintiff's claim is founded, does it destroy the right of action which that law gave? It is well settled that the repeal of a penal statute defeats all actions for penalties under such statute pending at the time of the repeal, unless the repealing act, in terms, saves the right to prosecute pending suits. Hunt v. Jennings, 5 Blackf. 195; Yeaton v. U. S., 5 Cranch [9 U. S.] 281; Stephenson v. Doe, 8 Blackf. 509; Butler v. Palmer, 1 Hill. 324. A learned English writer says that "when an act of parliament is repealed, it must be considered—except as to those transactions passed—closed, as if it never existed." Potter, Dwar. St. 160.

The following rules, taken from Smith, St. & Const. Law, pp. 895, 896, appear to me to be sound: 1. If the right acquired under a statute be in the nature of a contract, or a grant of power, a repeal will not divest the interest acquired, or annul acts done under it. 2. If the legislature, ex mero motu, by a statute give a party property belonging to the state, the gift is not defeated by a re-

peal of the statute. 3. If a penal statute be repealed, after an act done in violation of it, the violator is not subject to punishment under it after the repeal. 4. The repeal of a statute, made in restraint of natural rights or the use of property, restores the privileges thus restrained. 5. Where a statute gives a right in its nature not vested but remaining executory, if it does not become executed before a repeal of the law, it falls with it, and cannot thereafter be enforced. An eminent English judge says, "The effect of a repealing statute, I take to be, to obliterate the statute repealed as completely as if it had never passed; and that it must be considered as a law that never existed, except for the purposes of those actions which were commenced, prosecuted, and concluded while it was an existing law. Key v. Goodwin, 4 Moore & P. 341.

In view of these authorities, I think the question resolves itself into this: At the time of the commencement of this action, had the plaintiff such a vested right of recovery upon the facts stated in the declaration, as the legislature has no power to destroy?

What, in the legal sense, is a vested right, it is not easy to define. Perhaps as good a definition as can be given is, that it is a fixed, established right not liable to be defeated by any contingency. A fair construction of the act of April 30, 1869, requires us to conclude that the legislature intended to destroy the plaintiff's right of action in the case at bar. And the only point is, had the legislature the power to destroy it? If the defendants' liability arose out of a contract, the constitution would protect the plaintiff's right against all legislation; and so the right would be a vested right. But the act on which the plaintiff's claim is founded is not in the nature of a contract; it is a statute highly penal. A New York statute contained a provision in the very words of the 15th section of the Indiana act for the incorporation of manufacturing and mining companies; and the court of appeals of that state held that statute not "simply a remedial one," but that the provision was "highly penal." Garrison v. Howe, 17 N. Y. 458. In an action brought for a penalty under the fugitive slave law, it was held that "as the plaintiff's right to recover depended entirely on the statute, its repeal deprived the court of jurisdiction over the subject matter. And, as the plaintiff had no vested right in the penalty, the legislature might discharge the defendant by repealing the law. Norris v. Crocker, 13 How. [54 U. S.] 429. May we not, in the case at bar, with equal reason say that, as here, too, the plaintiff's right to recover depended entirely on the statute, its repeal destroyed that right? and if in that case it was not a vested right, how

could it be so in this? The case of State v. Youmans, 5 Ind. 280, is very much in point on this question. There, the act of 1843 had provided that if any sheriff should "neglect or refuse to return any writ of execution to the court to which the same was returnable, on or before the return day thereof, he should be amerced to the amount, with interest and costs, due on such execution." Pending an action on this statute, it was repealed. The court held that the repeal destroyed the right of action, and said, "The act of 1843 clearly imposed on the sheriff a penalty. * * * It is true that if a party on a prior statute has acquired a vested interest, its subsequent repeal would not affect his rights. But that principle is not applicable to the case at bar; because in a penalty there can be no vested right until it has been reduced to a judgment. A mere penalty never vests, but remains executory."

These authorities seem to me to be decisive of the question under consideration.

But, on the part of the plaintiff, it is insisted that the Indiana legislature could not constitutionally pass the repealing act in question; because the constitution of Indiana declares that "dues from corporations other than banking shall be secured by such individual liability of the corporators, or other means, as may be prescribed by law."

This provision of the constitution evidently requires legislation on the subject to which it relates. And it requires such legislation as may fairly tend to secure dues owed by corporations. But it clearly vests a wide discretion in the legislature. It says that dues from these corporations shall be secured by such individual liability of corporators, or other means, as may be prescribed by law. If the legislature should adopt the policy of making the corporators personally liable it leaves the legislature free to provide for enforcing that liability in any manner that may be thought best and of course to alter the manner and extent of that liability at pleasure. But it does not require the legislature to adopt the individual liability policy. It only requires the adoption of that policy or such "other means," as may secure the corporation debts The legislature therefore is not absolutely bound to adopt any individual liability law; and it would seem to follow that if it is adopted, it may at any time be altered or repealed.

Demurrer sustained.

NOTE. By Act Cong. Feb. 25, 1871 (16 Stat. 432), it is provided, "that the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability."