THOMAS ADAMSON, Plaintiff in Error, *v.* FULTON DAVIS, Defendant in Error.

1. *Corporations — Lexington Railroad and Coal Mining and Transportation Company — Act of limitation.* — Suit brought against a stockholder of the Lexington Railroad and Coal Mining and Transportation Company (see Wagn. Stat. 291, § 13), more than a year after the debt was contracted, was barred by the statutory limitation of the act *touching* Manufacturing and Business Companies (Wagn. Stat. 336, § 13). The one-year limitation of time for commencing suit was not so short as to justify the Supreme Court in declaring it unreasonable, and the law for that reason invalid. The act was wholly prospective, and therefore constitutional.

### *Error to First District Court.*

*Johnson & Budd,* for plaintiff in error.

I. The limitation of liability of stockholders to suits commenced within one year applies only to the constitutional individual liability, and not to the amount due on subscriptions to stock. (1 Wagn. Stat. 291, § 13; *id.* 336, § 13.)

II. The statutory provision prescribing one year's limitation is unreasonable and void. (Cooley on Const. Lim. 336; Berry v. Ramsdell, 4 Metc., Ky., 292.)

*Wallace & Mitchell,* for defendant in error, claimed, among other things, that, by the charter, the time given for a creditor to institute suit against the corporation—viz: "one year after the debt shall become due," in order to secure and retain the personal and individual liability of a stockholder for the debt of the corporation—was reasonable. (Branson v. Kinzie, 1 How. 311; Stephens v. St. Louis National Bank, 43 Mo. 385; McClaren v. Franciscus, 43 Mo. 452; 3 Pet. 290; 13 Pet. 327, and cases cited; 9 How. 526; 4 Wheat. 207; Smith's Com. Const. and Stat. 388.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiff recovered judgment against the Lexington Railroad and Coal Mining and Transportation Company, a corporation organized under the general laws of this State for business

purposes. An execution was issued against the company and returned unsatisfied. A motion was then made in court for an order to issue execution against the defendant as a stockholder in said company. This motion was sustained and execution ordered. The defendant appealed, and upon a hearing in the District Court the judgment was reversed. The case is now brought here by writ of error.

Several points have been raised and questions discussed, but there is one ground that in my judgment is decisive of the case, and that only need be noticed. The proceeding was instituted under the provisions of the statute, which declares that "if any execution shall have been issued against the property or effects of a corporation, and if there can not be found whereon to levy such execution, then such execution may be issued against any of the stockholders to an extent equal in amount to the amount of stock by him or her owned, together with any amount unpaid thereon; provided, always, that no execution shall issue against a stockholder except upon order of the court in which the action, suit or other proceeding shall have been brought or instituted, made upon motion in open court, after sufficient notice in writing to the persons sought to be charged; and upon such motion such court may order execution to issue accordingly." (1 Wagn. Stat. 291, § 13.)

But the chapter under which the company was organized, of which the defendant was a stockholder, provides that "no stockholder shall be personally liable for the payment of any debt contracted by any company formed under this chapter which is not to be paid within one year from the time the debt is contracted, nor unless a suit for the collection of such debt shall be brought against such company within one year after the debt shall become due." (1 Wagn. Stat. 336, § 13.)

The suit in this case was not instituted till one year after the debt became due, and the statutory limitation is principally relied on here. It is not necessary for us to inquire why the Legislature limited the time for commencing suit to within one year from the accrual of the demand. Reasons may be suggested therefor, but it is sufficient to say that the power existed, and it

was proper for that body to determine whether·it should be exercised. Under the circumstances the time is not so short as to justify this court in declaring it unreasonable. and therefore invalid.

The act is wholly prospective in its operation, and those contracting with the company did so with a full knowledge of the law, and it was their duty to act accordingly in pursuing their remedies.

Let the judgment b̀e affirmed. The other judges concur.