Da.vis, J.
This action was commenced in the court of common pleas on the 14th day of April, 1898, by Winfield S. Wells against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, on five distinct causes of action for alleged overcharges of fare for the transportation of the said Wells, three of which overcharges were between Tiffin and Carey, *314 a distance alleged to be 15.60 miles, and two of the overcharges being for fare between Tiffin and Berwick, a distance of .8.62 miles, and praying for judgment upon each cause of action in the sum of $150. These penalties were claimed to have been incurred under the provisions of sections 3374 and 3376 of the Revised Statutes. While the case was pending in the court of common pleas, that is, on the 14th day of April, 1900, section 3376 was amended and the original section, 3376, repealed. So far as affects this case, the only change in the statute was in the omission of a clause authorizing exemplary damages and the substitution therefor of the following: “Provided that a separate cause of action shall be brought for each overcharge unless the party aggrieved give notice in writing at the time of such overcharge, except the first one, to the officer, agent or employe of such railway making or receiving such overcharge, of his intention to bring such action, and no judgment shall be rendered in any action for the penalties herein provided for more than one overcharge unless such written notice shall have been given by the party aggrieved.”
“Section 2. Section 3376 as amended by this act shall apply to all actions now pending excepting the provisions requiring notice of intention to commence such action to be given as therein required.”
The railroad company filed an answer, a portion of which was demurred to by the plaintiff, which demurrer was overruled and the plaintiff replied. The case was tried in the common pleas court without a jury, some evidence being offered by the railroad company relating to matters alleged in the first and second grounds of defense which are not material to the present inquiry, and upon an agreed statement of facts relating to most of the testimony in issue in *315 the case, and the common pleas gave judgment for one penalty, $150. The defendant prosecuted error in the circuit court and the plaintiff filed a cross-petition in error, alleging that the common pleas had erred in giving him a judgment for only $150, one penalty, when it should have been given for $750 that is, one penalty on each of the causes of action alleged.
The circuit court reversed the judgment of the common pleas and rendered judgment against the railroad company for the five penalties claimed in the petition, $750, holding that the act of April 14, 1900, was unconstitutional.
If the proviso in this amended section 3376 is valid, it is very palpable that the judgment of the circuit court is erroneous; because the statute declares that no judgment shall be rendered in any action for the penalties therein provided, for more than one overcharge, unless the written notice prescribed shall have been given. A judgment for one overcharge could not, under the statute, be less than one hundred and fifty dollars, and in this case could not be more; because double the overcharge complained of, and indeed of all the overcharges, would not be as much as one hundred and fifty dollars. The circuit court, therefore, overreached its jurisdiction when it rendered judgment against plaintiff in error for $750, unless the proviso in the amended section 3376 is unconstitutional and the former statute is still in force. It is not the duty of the courts, and they will not make haste, to declare a statute void upon a mere suggestion of conflict with the constitution. On the contrary it is a principle firmly imbedded in our jurisprudence that it must be a clear infraction of the constitution which will authorize the courts to inter *316 vene and overthrow an act of the legislature. The contention here is that the proviso now under consideration, being expressly made applicable to all pending actions except as to notice of intention to commence an action, is retroactive, and that it impairs a vested right of the plaintiff in the accrued causes of action contained in his petition. If this claim is valid the plaintiff would not only be entitled to recover, for each overcharge under the statute as it stood before amendment, a sum equal to double the amount of the overcharge and not less than one hundred and fifty dollars, but also such further sum as exemplary damages as a jury may award, not in any one case in excess of two thousand dollars. It is very clear that the amount so to be recovered is allowed as penalty and not as compensation. Indeed, the statute characterizes it as penalty. But the repeal of a statute which imposes a penalty will prevent any prosecution, trial or judgment for penalties accruing while it was in force, unless the contrary is provided in the repealing statute or some other existing statute. Sutherland cn Stat. Const., section 166; 23 Am. & Eng. Enc. Law (1 ed.), 507, 510. The right of recovery in such ('ases being founded exclusively on the statute, cannot be enforced when the law which gave the right and authorized its enforcement, no longer exists. It is very true that when a statute prohibits an act and subjects the offender to a penalty, and when also the violation of the statute is such that the injured party may recover damages on common law principles, the repeal of the statute will not take away the right to recover damages, and there are many cases to support that doctrine. But it has been broadly asserted that “There is no such thing as a vested interest in an unenforceable penalty.” Gregory v. *317 German Bank of Denver, 3 Colo., 332, citing Sedgwick on Stat. Law., 111; Norris v. Crocker, 54 U. S. (13 How.), 429; Gaul v. Brown, 53 Me., 496; Curtis v. Leavitt, 15 N. Y., 9, 152; Nichols v. Squire, 5 Pick. 168; Railroad Co. v. Austin, 21 Mich., 390. In the Michigan case last cited the court hold that a statute which authorizes a judgment .to be entered for double the damages found by the jury is in the nature of a penal statute, the repeal of which before judgment, though after verdict, will defeat the right to such recovery — no personal equity to such right underlying the law or arising upon it, appearing, and say: “When a party, as in this case, avers that a statute has invested him with a right against another in the nature of a personal charge, which a repeal of the statute before judgment cannot impair, he takes it upon himself to show that the right was vitalized by some personal equity underlying the law, or arising upon it. The claim of the defendant in error appears to have no such element to support it. It rests upon the single fact that the legislature, by the passage subsequently repealed, authorized judgment in double the whole damages.” Railroad Co. v. Austin, 21 Mich., 413. The same doctrine is approved in State ex rel. v. Youmans, 5 Ind., 280, in which it is said: “In a penalty there can be no vested right until it has been reduced to judgment. A mere penalty never vests, but remains executory. If it does not become executed before a repeal of the statute creating the right of action, the penalty falls with the law, and cannot be enforced. Smith’s Comm. 896.” To the same effect are Rood v. Railway Co., 43 Wis., 146; Graham et al. v. Railway Co., 53 Wis., 473, 483, 484, and Commonwealth v. Welch, 2 Dana (Ky.), 330.
*318 The authorities above cited, and there are many more of the same kind, sufficiently indicate the reasons which constrain us to hold that the plaintiff in this case had no vested rights which were impaired by the repeal and amendment of the statute under which his right of action is claimed to have accrued. The right to recover the amount of overcharge existed without the statute, but the right to recover double the amount of overcharge, the right to recover not less than one hundred and fifty dollars, although double the amount of overcharge might not be one dollar, and the right to recover exemplary damages, are severely penal privileges arising altogether upon the statute. They have no foundation whatever in nátural, contractual or equitable considerations, so that when the statute was repealed the plaintiff’s statutory rights, to the extent that the statute was amended or modified, were modified with it. We hold, therefore, that the amended statute is constr tutional, and that, inasmuch as it is not claimed that such written notice as provided for was given, there can be no recovery in this action for more than one overcharge, that is, for one hundred and fifty dollars.
But does the plaintiff’s petition. disclose a cause of action? Statutes which impose penalties or forfeitures or provide for a recovery of damages beyond just compensation to the party injured, whether such penalties, forfeitures or damages are to be recovered at the suit of the state or of a private individual, are to be strictly construed in so far as they inflict punishment. 23 Am. & Eng. Enc. Law (1 ed.), 378, 379, and cases there cited. In order .to determine whether the defendant railway company has demanded or received for the transportation of a passenger a greater *319 sum than is allowed by law, Revised Statutes, section 3374 must be construed, and in so far as it tends to inflict punishment it must be, as observed, strictly construed. The rate which a railway company may demand and receive for the transportation of passengers, as provided in this section, is “not exceeding three cents per mile for a distance of more than eight miles.” The standard or limit of measurement here is the mile, not the half mile or any other fraction of a mile. The charge for transportation must be “per mile;” and a construction which would subdivide the mile into halves, or tenths or hundredths, or even thousandths, or infinitely less fractions would be unreasonable and impracticable and would subject the company to endless annoyance and numberless prosecutions; for if by reason of the word “more” we may take account of half a mile there is no reason why we may not be compelled to measure to the exact one hundred thousandth of a mile. We are not at liberty to suppose that the legislature intended to impose these severe penalties upon the possibiliiies of such a construction, and we can only believe that the legislature meant just what its language implies, that the standard of measurement is one mile and no less. This being so the phrase “more than eight miles” is equivalent to nine miles, and the three cent limit does not apply until the ninth mile is reached, because we do not assume that the legislature meant to take account of the fractions of a mile. By the construction of section 3374 which we adopt, there would be no overcharge for the distance between Tiffin and Berwick, 8.62 miles, for as to that distance there is no limitation on the charge for transportation; but as to the distance between Tiffin and Carey, *320 15J0 miles, there are three overcharges pleaded. As to them there can be only one recovery of one hundred and fifty dollars, for the language of amended section 3376 is: “No judgment shall be rendered in any action (not cause of action) for the penalties herein provided, for more than one overcharge,” etc.
Another consideration may be inserted here. The provision of the amended section, that suit upon two or more overcharges shall not be joined in the same action without a written notice by the plaintiff of his intention to bring such action, does not have the effect to authorize a judgment in any action for more than one hundred and fifty dollars, although the overcharges may have occurred before the amendment, when such action was not required.
The judgment of the circuit court is reversed and that of the common pleas

Affirmed.

Burket, Spear and Shauck, JJ., concur.
Minshall, C. J., and Williams, J., dissent.