### DAVIDSON v. WITTHAUS et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1905.)

1. CORPORATIONS—ANNUAL REPORT—FAILURE TO FILE—LIABILITY—LIMITA-
   TION OF ACTION.
       Laws 1897, p. 313, c. 384, § 30, imposed a liability on directors of cor-
   porations for failure to file an annual report. Laws 1899, p. 767, c. 354,
   § 34, limited actions to enforce such liability to three years. Laws 1901,
   p. 961, c. 354, amending the prior laws "so as to read as follows," casts
   the duty of making the reports on other officers than the directors, and
   limits the time for bringing the action to six months. *Held*, that the
   six-months limitation applied to a right of action against directors ac-
   cruing under the prior laws.
       [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, §
   1499.]

2. SAME—VESTED RIGHTS.
       Laws 1897, p. 313, c. 384, § 30, imposing a liability on directors of a
   corporation for failure to file an annual report, being an imposition of
   a penalty, did not create a vested right in a party entitled to recover
   thereon.
       [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional
   Law, § 233.] .

3. LIMITATION OF ACTIONS—VESTED RIGHTS.
       Laws 1901, p. 966, c. 354, § 30, limiting to six months the right of action
   against officers of a corporation for failure to file an annual report,
   affected only the remedy, and did not interfere with vested rights.
       [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Constitutional
   Law, §§ 246–251.]

4. SALE—REASONABLENESS.
       Said act was not invalid as an unreasonable limitation.

5. STATUTORY CONSTRUCTION LAW—CONSTRUCTION.
       The statutory construction law operates only when not inconsistent
   with the object of a subsequent statute, and when inconsistent is not en-
   titled to the same respect as a constitutional provision.

Appeal from Trial Term, Rockland County.

Action by Addie L. Davidson against Rudolph A. Witthaus and others, directors of a corporation, to enforce a statutory liability. Judgment for plaintiff, and defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and MILLER, JJ.

Eustace Conway, for appellants.
George R. Bristor, for respondent.

JENKS, J. The question is whether the action was barred by a statute of limitation pleaded. The plaintiff became a judgment creditor of a domestic corporation in November, 1900, by recovery

upon a corporation note which matured in 1899. In July, 1902, she both notified the defendants, who were directors, that she would hold them under the statutes for failure to make and file an annual report in January, 1901, and began this action. It was stipulated at trial that the directors filed an annual report in 1900, but none thereafter.

If, as contended, the limitation of three years for the beginning of such an action, prescribed by section 34, c. 354, p. 767, of the Laws of 1899, was shortened to six months by chapter 354, p. 961, of the Laws of 1901, the action is barred, for the said statute of 1901 became a law on April 16, 1901, and the period of six months expired by the terms of the statute six months from that day. Section 30, c. 384, p. 313, of the Laws of 1897, prescribed an annual report, signed by a majority of the directors, and imposed the liability. Section 34 of the Laws of 1899 enacted a statute of limitation of three years upon such liability. In Staten Island M. R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545, the court, per Werner, J., referring to this stock corporation law and to these sections, say:

"Section 30 creates the liability for a failure to file the report. While section 34 does not in terms refer to foreign corporations, and simply uses the words 'director or officer of any stock corporation,' *it nevertheless regulates the enforcement of the liability created by section 30, and the two sections should be read together.*" (The italics are mine.)

Chapter 354 of the Laws of 1901 provides:

"Section 1. The several parts and sections of chapter thirty-six of the General Laws, known as the stock corporation law, corresponding to those hereinafter specified, are amended so as to read as follows."

Among these sections is the said section 30, which is silent as to any duty of the directors in making or filing the annual report, and in terms casts that duty, hitherto devolved upon them, upon other officers. People v. Wilmerding, 136 N. Y. 363, 368, 32 N. E. 1099, is authority for the statement that such legislation did not repeal the original statute, and that from the time of the amendatory act· "such act is the only enactment on the subject as to future transactions, and the former statute is merged and lost in, and has no vitality distinct from, the amendatory act." In Bank of Metropolis v. Faber, 150 N. Y. 200, 206, 44 N. E. 779, 780, the court, per O'Brien, J., say:

"In the Prime Case the law is thus stated: When a statute amends a former statute 'so as to read as follows,' it operates as a repeal by implication of inconsistent provisions in the former law and of provisions therein omitted in the latter."

If the provision of section 30 (page 966) as amended in 1901, that certain specified officers other than the directors shall make the report, is not inconsistent with the prior provision that the directors shall do so, as it seems to me it is, certainly the amended section has omitted all provisions with reference to the directors. Section 5 of the said statute provides:

"This act shall take effect immediately, but shall not affect any action or proceeding pending in any court at the time it takes effect or any right of any creditor of any corporation or of any stockholder against any director

under existing law, providing action thereon be commenced within six months after this act takes effect, except as in this act otherwise provided."

I think that this statute of limitation applies to this case. Endlich on the Interpretation of Statutes, § 287; Sohn v. Waterson, 17 Wall. 596, 21 L. Ed. 737; Acker v. Acker, 81 N. Y. 143; Regina v. Leeds & Bradford Ry. Co., 18 Q. B. 343; Burwell v. Tullis, 12 Minn. 572 (Gil. 486). In Sohn v. Waterson, supra, the court, per Bradley, J., says:

"When a statute declares generally that no action, or no action of a certain class, shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future."

Such construction is necessary to explain the existence of the said section 5. See Burwell v. Tullis, supra.

The learned counsel for the respondent insists that the amendment shortening the limitation is unconstitutional (1) because it violates the statutory construction law; (2) because it interfered with an existing property right; and (3) because the limitation in point of time is unreasonable.

1. The section of the statutory construction law invoked is paragraph 31, which reads as follows:

"The repeal hereafter or by this chapter of any provision of a statute, which repeals any provision of a prior statute, does not revive such prior provision. The repeal hereafter or by this chapter of any provision of a statute, which amends a provision of a prior statute, leaves such prior provision in force unless the amendatory statute be a substantial re-enactment of the statute amended. The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such appeal takes effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected; and all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed."

The Legislature of 1892 could not fetter the Legislature of 1901 (Cooley's Constitutional Limitations [7th Ed.] p. 174 et seq.), and I think that the statutory construction law is not an attempt at so vain a thing. This statute is a rule of construction "applicable when not inconsistent with the general object of a subsequent statute, or the context of the language construed, or other provision of the repealing law indicating a different intent" (People v. England, 91 Hun, 152, 36 N. Y. Supp. 534; McCann v. City of New York, 52 App. Div. 308, 65 N. Y. Supp. 308, affirmed 166 N. Y. 587, 59 N. E. 1125), and by the exclusion stated, upon this ground.

The learned counsel for the respondent mainly relies upon Lancaster v. Knight, 74 App. Div. 255, 77 N. Y. Supp. 488, and McCann v. City of New York, 52 App. Div. 362, 65 N. Y. Supp. 308. Lancaster sued a stockholder under section 54 of the stock corporation law. It was held that he was entitled on September 13, 1901 (i. e., within the period of six months from April 16, 1901), to maintain his action under section 5 of the said act of 1901. At the close of the opinion the contention of the defendant is considered, namely,

that section 5 only applied to the action against a director, and it was said that the Legislature intended to protect the right of a creditor of a corporation and the rights of a stockholder against a director; but, even if section 5 did not afford a statute of limitation in that case, then the rule of the statutory construction law would obtain. McCann's Case, supra, which arose upon the labor law, distinctly adopts, by reference and quotation, the interpretation of the statutory construction law made in People v. England, supra, and it is there said that, if it had been the intention to affect accrued rights, the intention would in some way have been made manifest. Examination of the statute shows that it is entirely silent. These cases are not at war with the interpretation as to the scope and limitation of the statutory construction law as made in People v. England, supra, but indeed affirm it. A statute of one Legislature, which enacts a general rule of construction, need not be respected by a subsequent Legislature as if a provision of the Constitution.

2. The amendment is not void because it interferes with an existing property right. Victory Webb Printing Co. v. Beecher, 26 Hun, 48, s. c. 97 N. Y. 651; Bank of Metropolis v. Faber, 150 N. Y. at page 204, 44 N. E. 779; Breitung v. Lindauer, 37 Mich. 217, 230; Union Iron Co. v. Pierce, 4 Biss. 327, 333 et seq., Fed. Cas. No. 14,367. In the case in Hun, the General Term held that such a recovery is for a penalty (citing authorities), and applied the rule that a penalty imposed by statute cannot be recovered after the repeal of the statute, although incurred before, unless the repealing act reserved the right of action. The judgment was affirmed upon these grounds by the Court of Appeals, with the citation of many authorities. The court in the case in Bissell, supra, cite the language of the court in State ex rel. v. Youmans, 5 Ind. 280:

"It is true that, if a party on a prior statute has acquired a vested interest, its subsequent repeal would not affect his rights. But that principle is not applicable to the case at bar because in a penalty there can be no vested right until it has been reduced to a judgment. A mere penalty never vests but remains executory."

Moreover, this legislation affects not the right, but the remedy, and therefore is not inhibited provided a reasonable time, "taking into consideration the nature of the case," is allowed for bringing an action after the statute becomes a law, and before the bar of the statute can be raised. Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118. See, too, Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365; People v. Turner, 117 N. Y. 227, 22 N. E. 1022, 15 Am. St. Rep. 498, s. c. 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392.

3. I think that the time is not unreasonable. In Terry v. Anderson, supra, the court, per Waite, C. J., say:

"Of that the Legislature is primarily the judge, and we cannot overrule the decision of that department of the government unless a palpable error has been committed."

In Rexford v. Knight, 11 N. Y. 308, the court, per Johnson, J., say:

"The provisions of this act, which allowed a year after its passage for the making of claims, do not come up to the unreasonableness which will render

such a law void. To do that, a court must, I think, be able to say that no
substantial opportunity is afforded to the party affected to assert his rights
after the passage of the law; that the unmistakable purpose and effect of
the law is to cut off the right of the party, and not merely to limit the time
in which he may begin to enforce it."

Of course, there is no fast rule for the test of reasonableness. In
Parmenter v. State, 135 N. Y. 154, 31 N. E. 1035, it is said that the
"question must be answered in view of all the facts surrounding the
passage of the act, and of which the court would take judicial no-
tice."

In the first place, this right of action is in the nature of a penalty.
It originated in, and is regulated by, statute, and hence the Legis-
lature was dealing with its creature, and not with the common law.
As it had given, so it could take away, such cause of action, and
therefore it was natural that from time to time it should change,
amend, or regulate the statutes. Further, at this period or shortly
before, existing statutes of general application like unto this had
been revised and shaped into general laws, which thereafter were
more or less changed and amended for one reason or another, so
that any change in this statute was ascertained readily by examina-
tion of legislation affecting general laws. Again, there was then
existing a special statute of limitation. Further, in these days,
publication (in its generic sense) of legislative action is far more
swift and much more pervading than in the times of many of the
judicial determinations of reasonableness. The number of newspa-
pers has increased enormously, and, aside from the diffusion out of
town of the public prints of the city, almost every village has its
local press. In our day neither time nor distance interferes to any
degree with the publication of news. The gathering thereof is a
profession, and the doings of the Legislature, of any public or gen-
eral interest, at least, are sent out daily by a corps of correspondents
from whom little escapes. In this age of corporations it is but
natural that changes in the general laws which materially affect
the rights of their creditors or those who deal with them, or the
liability of their stockholders or officers, should be communicated,
printed, and commented on. Section 21 of article 6 of the Con-
stitution requires the Legislature to provide for the speedy publica-
tion of all statutes, and enacts that all laws shall be free for publica-
tion by any person. Section 45 of the legislative law (Laws 1892,
p. 1677, c. 682) is in furtherance of this provision. The session of
1901 ended with the close of April, and on June 1st, following, the
Secretary of State certified, "The following volume of laws was
printed under my direction." Section 48 of the legislative law re-
quires the sending to certain official newspapers in each county, in
the order in which they are passed and as soon as the slips are
printed, of copies of all laws of a general nature, and the speedy
publication thereof in such newspapers is required and regulated by
sections 19, 20, and 21 of the County Law. Laws 1892, pp. 1749,
1750, c. 686. In view of all this it can scarcely be contended that
excusable ignorance in fact of a general law, even if there be an ex-
cuse, could long exist after its enactment; certainly not for a period

of six months. We are not to consider the circumstances of any particular case. Parmenter v. State, supra. But, generally speaking, there is nothing incidental to a cause of action upon such a default as existed in this case, to require much time for investigation of the facts, ascertainment of the proposed defendants, and the drafting of a complaint. Inquiry at stated places would reveal speedily whether the directors made and filed a report, and who the directors of the corporation were, while the pleadings are easily drawn.

I am of opinion that there is no ground to justify a judicial overruling of a determination, primarily the right of an independent branch of government, on the ground of "its palpable error" or its occult purpose "to cut off the right" of action, not to limit it. I cite several cases which, although not direct precedents, indicate the trend of the courts in passing upon such questions: Wheeler v. Jackson, 41 Hun, 410, 414; Wheeler v. Jackson, 137 U. S. 245, 255, 11 Sup. Ct. 76, 34 L. Ed. 659; Turner v. New York, 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392; Rexford v. Knight, supra; Adamson v. Davis, 47 Mo. 268; Osborne v. Lindstrom (N. D.) 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. Rep. 516; Stine v. Bennett, 13 Minn. 153 (Gil. 138); Regina v. Leeds & Bradford Ry. Co., supra.

The judgment must be reversed, and a new trial be granted; costs to abide the final award of costs. All concur.