McCANN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

1. MUNICIPAL CORPORATIONS—LABORERS—PREVAILING WAGES—STATUTE—RE-PEAL—SUBSEQUENT ACTION—CONSTITUTIONAL LAW—VESTED RIGHT.

Laws 1894, c. 622, § 2, provides that laborers in the employ of municipal corporations shall receive the prevailing rate of wages in their respective callings. Laws 1897, c. 415, § 191, repeals the act of 1894, but section 3 thereof substantially re-enacts the provision of section 2 of the act of 1894. Laws 1899, c. 567, so amends the act of 1897 as to repeal the provisions of section 3 therein. *Held*, that the personal representative of a laborer who performed work for a city between the passage of the act of 1894 and the act of 1899, receiving less than the prevailing wages therefor, was entitled to recover the deficiency of such wages after the passage of the law of 1899, as such laborer had a vested right of action under the law of 1894, which the repealing act could not take away.

2. SAME—STATUTORY CONSTRUCTION ACT—IMPAIRING VESTED RIGHTS.

Laws 1894, c. 622, § 2, provided that laborers in the employ of municipal corporations should receive the prevailing rate of wages in their respective callings. Statutory Construction Act 1892, c. 677, § 31, provides that the repeal of a statute shall not impair any right acquired thereunder. Laws 1899, c. 567, repealed the law of 1894 respecting wages of laborers, but made no reference to rights acquired thereunder previous to repeal. *Held*, that, aside from the question of vested rights, the law of 1892 operates to construe the bare repeal of 1899 as not impairing rights acquired under the law of 1894, and one who had performed labor for a city while the law of 1894 was in force, and received therefor less than the prevailing wages, was entitled to sue therefor after the passage of the repealing act.

Appeal from special term, New York county.

Action by Hugh McCann, Jr., administrator of Daniel F. McCann, deceased, against the city of New York, for wages. From an order overruling a demurrer, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, and INGRAHAM, JJ.

Terence Farley, for appellant.
Austen G. Fox, for respondent.

PATTERSON, J. This case comes before us on an appeal from an interlocutory judgment overruling a demurrer to an amended complaint, the ground of demurrer being that the complaint does not state facts sufficient to constitute a cause of action. It is alleged in the complaint that the plaintiff's intestate, Daniel F. McCann, was a citizen of the United States, and a rammer by trade; that between May 10, 1894, and October 1, 1896, at the request of the mayor, aldermen, and commonalty of the city of New York, he performed certain work, labor, and services, in his trade, for the department of public works of that city; that by chapter 622 of the Laws of 1894 which took effect May 10, 1894, as re-enacted in the labor law (chapter 415 of the Laws of 1897, amended by chapter 567 of the Laws of 1899), it was at all times subsequent to May 10, 1894, provided that all mechanics, workingmen, and laborers in the employ of the state, or any municipal corporation thereof, shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen, or laborers are employed, in the locality in which they are so employed; that the prevailing rate of wages for rammers in the city of New York was, for all the period during which the plaintiff's intestate performed his services, $3.50 a day; that such intestate received on account of his services payment at the rate of $3 a day only; that, if he had been paid according to the prevailing rate of wages, he would have received $3.50 a day. The complaint then contains allegations showing the assumption by the defendant of the obligations of the prior municipal corporation, and a compliance with the formalities required by law as conditions precedent to an action being brought, and on the plaintiff's qualification as administrator to sue.

The plaintiff's right to recover is asserted under the provision of section 2, c. 622, of the Laws of 1894, which was in full force and operation during the whole of the period of employment of the plaintiff's intestate as set forth in the complaint. It was enacted by that second section that the act should apply to all mechanics, workingmen, and laborers "now or hereafter employed" by the state, or any municipal corporation therein, through its agents or officers, or in the employ of persons contracting with the state for the performance of public work, "and all such mechanics, workingmen and laborers so employed shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen or laborers are employed in said locality." That provision of law continued in force until chapter 415 of the Laws of 1897, commonly called the "Labor Law," was passed, by the 191st section of which the act of 1894 was repealed; but the third section of the act of 1897 re-enacted in substance the provisions of section 2 of the act of 1894. Section 3 of the act of 1897 was amended by chapter 567 of the Laws of 1899,—the express words of the prior statute, that they should apply to mechanics, etc., employed by the state or municipal corporations, being omitted in the amendment of 1899;

and the argument is made that the effect of the amendment of 1899 was to repeal all those provisions of the antecedent statutes relating to the payment of laborers employed by the state or municipalities at the prevailing rate of wages in the respective trades or callings in which they are employed. Upon that contention is founded the objection taken by the demurrer to the plaintiff's right of recovery, namely, that, in consequence of the supposed repeal of such antecedent provisions of law, the plaintiff has no enforceable cause of action.

We are not called upon to decide in this particular case whether the legislation of 1899 repealed prior provisions of law above referred to. Even if, by a reasonable construction of section 3 of the act of 1897 as amended, recast, or rearranged by the act of 1899, it may be held that the legislature intended that the requirement as to the prevailing rate of wages should no longer apply to employés of the state or of a municipality, that change could not operate to defeat this plaintiff's action. That results from two controlling considerations: First, because the plaintiff's right is a vested one, resting in contract; second, because the right is expressly reserved by law. The argument in support of the demurrer proceeds upon the theory that, although the plaintiff's intestate rendered the service and performed the work before any change was made in the law relating to compensation, yet, inasmuch as the action was not instituted before a change was made, his right was destroyed. It is not to be controverted that the right arose out of a statute, nor is it to be doubted that, if the right were merely an inchoate one, it could be taken away before enforcement, by a subsequent statute repealing that which conferred the right. Retrospective state laws which do not impair the obligation of contracts are not invalid simply because they may disturb vested rights, "but a law subsequent to the contract, directly annulling it, or changing its terms by adding or releasing material conditions, provisions, or stipulations, presents a clear case of the direct impairment of the obligation." 15 Am. & Eng. Enc. Law, 1046, and cases cited. In this case there was nothing inchoate or incomplete. Contract rights were established between the city of New York and the plaintiff's intestate by virtue of the provisions of the act of 1894. Under that provision the municipality was not only authorized, but was required, to pay on its contracts of labor the prevailing rate of wages. That provision became one of the terms of the contract of employment, just as any other positive provision of law respecting contracts is incorporated in and becomes part of them. Here the service was rendered, the work performed, the wages earned, and the right to payment had become absolute under the terms of the contract as made by the statute. A cause of action resting in contract accrued, and that cause of action is a property right, a vested right,—vested if for no other reason than of the complete performance of the contract of employment by the plaintiff's intestate. Where a statute authorizes a state or a municipality to enter into a contract for compensation with an employé, as distinguished from an officer, of the state or municipality, and a contract at a fixed compensation is made in pursuance of that authority, and the service performed, the right of the employé to that compensa-

tion is a vested right, notwithstanding the statute ·under which the contract was made may have been repealed before the expiration of the period of employment. Hall v. Wisconsin, 103 U. S. 5, 26 L. Ed. 302. Here there was full and complete performance before the enactment of any statute which can be regarded as a repeal. The application of the rule is not affected by the simple circumstance that the wages are earned from day to day. They were fixed day's wages. The laborer gave his work as a consideration· for the wages to which he was entitled by the statute, and his right to those wages became consummate on his performance of the contract of employment. Even in the case of a public officer it has been held by ultimate authority that, where services have been rendered under a law which fixes compensation, there arises an implied contract to pay at that rate; that the contract is a completed one, and its obligation perfect; and that a provision of a state constitution which takes away from the officer the means of collecting that which he earned before the constitutional change was adopted is one impairing the obligation of a contract, and is inoperative. Fisk v. Jefferson Police Jury, 116 U. S. 131, 6 Sup. Ct. 329, 29 L. Ed. 587.

2. But the right of the plaintiff's intestate, whether it was complete and vested or only inchoate, was preserved by the thirty-first section of the statutory construction act, read in connection with the first section of that act. By that thirty-first section it is, among other things, enacted that:

"The repeal of a statute or part thereof shall not affect or impair any act done or any right accruing, accrued or acquired  *  *  *  prior to the time such repeal takes effect, but the same may be asserted and enforced  *  *  * as fully and to the same extent as if such repeal had not been effected."

This is in the nature of a general saving clause; but it is urged that it does not operate to preserve the plaintiff's right, because the statutory construction act was passed in 1892, and the statute which is claimed in this case to operate as a repeal of pre-existing laws .was passed in 1899. It is suggested that the legislature of 1892 had no power to trammel or impair the action of subsequent legislatures; but as was said in the case of People v. England, 91 Hun, 155, 36 N. Y. Supp. 537, in considering the effect of this very section of the statutory construction act upon acts passed at sessions of the legislature in subsequent years:

"The legislature by the act of 1892 laid down a rule of statutory construction applicable to all future statutes. The act did not attempt to interfere in any manner with future legislation, but simply prescribed a rule of construction applicable when not inconsistent with the general object of the subsequent statute, or the context of the language construed, or other provision of the repealing law indicating a different intent."

In analyzing the act of 1899, we find no expression of an intent on the part of the legislature to extinguish rights acquired under the act of 1894. When the act of 1899 was passed, there stood upon the statute book this general statutory construction law, and it is fair to assume that the act of 1899 was passed with the intent of the legislature that it should be construed in accordance with existing rules of construction as prescribed by statute; and, if it had been

the intention to affect accrued rights, that intention would have in some way been made manifest. As is further said in the case last cited, the act of 1892 was not binding upon subsequent legislatures. They could give any repealing act such force and effect as desired, but, in the absence of anything in the statute indicating a contrary intent, the subsequent legislature should be deemed to have intended the statute passed by it to have the force and effect as provided in the rule of construction adopted by the legislature of 1892. We think the general saving clause of the statutory construction act saved the plaintiff's right from any possible retroactive effect of the act of 1899.

The interlocutory judgment should be affirmed, with costs, but with leave to the defendant within 20 days to withdraw the demurrer and answer upon payment of costs in this court and in the court below.

VAN BRUNT, P. J., and HATCH, J., concur.

INGRAHAM, J. (concurring). As we are concluded by the case of McMahon v. City of New York, 22 App. Div. 113, 47 N. Y. Supp. 1018, and McCunney v. Same, 40 App. Div. 482, 58 N. Y. Supp. 138, I concur in the affirmance of this judgment. If the question were an open one in this court, I should have difficulty in arriving at that conclusion. I fully concur with Mr. Justice PATTERSON in his opinion upon the question discussed by him, and concur in the affirmance of the judgment, as controlled by the cases before cited.