## HUGHES v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. June 12, 1903.)

1. MUNICIPAL CORPORATIONS—CLERKS—EXTRA SERVICES—COMPENSATION—EVIDENCE—SUFFICIENCY.

An employé in the office of the corporation counsel rendered bills for his services as notary public in connection with the business incident to the office, until notified by the corporation counsel that no further bills would be allowed, after which, for a period of five years, no bills were presented. *Held* to justify a finding that the employé rendered services after such notification voluntarily, and without intending to charge therefor.

2. SAME.

Where an employé in the office of the corporation counsel rendered services as a notary public voluntarily, and without intending to charge therefor, he is not entitled to compensation for such services.

Appeal from trial term, New York county.

Action by Bryan G. Hughes against the mayor, aldermen, and commonalty of the city of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

L. Laflin Kellogg, for appellant.
Chase Mellen, for respondent.

INGRAHAM, J. The plaintiff's assignor was an employé in the office of the counsel to the corporation of the city of New York, and the complaint alleges that while so employed he "duly performed certain services as a notary public, to wit, the taking of acknowledgments, depositions, and affidavits, and the swearing of claimants upon claims against the defendant, in the manner and form required by law, and for which, under and by virtue of the laws of the state of New York, he was entitled to be paid a certain fixed compensation or charge for each and all the said affidavits, depositions, and acknowledgments so taken," and that the total amount due to the plaintiff's assignor for such services, as fixed by law, is the sum of $5,500. The defendant denies the rendition of the services, and for a further defense, alleges that:

"At all the times mentioned in said complaint the said William H. Brady [plaintiff's assignor] was an employé in the office of the counsel to the corporation of the city of New York, and whatever services, if any, were rendered by said William H. Brady, were rendered by him voluntarily, and

without any agreement between said William H. Brady and the defendant, or defendant's officers, that he was to receive compensation therefor."

Upon the trial it was admitted that between the years 1889 and 1895 William H. Brady was a notary public, and at the request of the counsel to the corporation of the city of New York, or his assistants, he "administered the oath to persons signing and swearing before him to affidavits in legal proceedings to the number of 16,477, and subscribed his name to said affidavits as having been sworn to and subscribed in his presence, which said affidavits were used in legal proceedings pending in the office of the corporation counsel." The defendant then introduced evidence that Brady, up to the time of his death, and for about 15 years prior thereto, had been employed in the office of the corporation counsel; that during the time he was in the office he rendered bills for services as such notary public to December 12, 1899; that after that time he did not render any bills; that at that time the counsel to the corporation issued written instructions that thereafter the counsel to the corporation would pay for no notary's fees in the office; that this instruction was communicated to Brady, who made no objection, and thereafter rendered no bills for notarial services; that Brady received a regular salary from the city of New York up to the time of his death. This instruction to the chief clerk was introduced in evidence, and is as follows:

"Sir: I notice in the last bill submitted to me for petty expenses several items for fees of notaries public who are regularly employed in this office at a stated salary. I beg to notify you that I will not approve or certify any vouchers for you after this date, which includes any sum as fees paid to persons in this office for the taking of affidavits or verifications."

This evidence was not denied, and the court thereupon submitted the question to the jury as to whether the services were rendered by Brady without a promise on the part of the corporation counsel or upon the part of the city to pay Brady for his services; charging the jury that they would have the right to infer that Brady did promise, by remaining silent, to take these affidavits voluntarily— that is, without compensation—and that it was not fair that he should be paid, or, if he did not so promise, he was entitled to his pay. To that portion of the charge the plaintiff excepted, and requested the court to direct a verdict for the plaintiff for the services rendered, which motion was denied, whereupon the jury found a verdict for the defendant.

In Merzbach v. The Mayor, 163 N. Y. 16, 57 N. E. 96, it was held that an employé in the district attorney's office, who rendered services as a notary public by administering oaths and taking acknowledgments required by the people in the various proceedings connected with the criminal business of the county, was entitled to recover the fees allowed by law for acting as notary, unless the defendant established a waiver; that the situation of the parties was such as to require slight evidence to establish an implied agreement that the plaintiff was to make no charge for acting as notary; that the burden of proof, according to the pleadings, as well as the undisputed facts, rested upon the defendant to show that there was

an understanding between the parties that the plaintiff should not charge for his services. That case was reversed because the court instructed the jury that the burden was upon the plaintiff of showing that there was no such agreement. The answer in that case was substantially the same as in this, and it was not questioned there that if, under proper instructions, the jury had found that there was an implied agreement that the notary should perform the services without compensation, he would not be entitled to recover. The jury have found in this case that there was such an implied agreement. And if such an implied agreement existed, then it would seem to follow that the plaintiff's assignor had performed the services voluntarily, and was not entitled to recover. Brady was an employé in the office of the counsel to the corporation, receiving a stated salary for his services from the city of New York. The fact that he was a notary public, and thus able to render to the city the services appertaining to that office, would be a consideration in determining whether or not he should be employed, and the compensation that he should receive; and there certainly would be no objection to his accepting the employment in the corporation counsel's office, or continuing in that employment, upon condition that he should render his services as notary public, when required, without compensation in addition to his regular compensation from the city. When the corporation counsel expressly notified the employés in the office that thereafter the employés who were also notaries public would not be entitled to receive any compensation for services performed for the city as such notaries public, and the employés acquiesced in that notice, and continued in the employ of the city without making any charge for services rendered as such notaries public, the jury were justified in finding that they consented to the condition imposed by the corporation counsel, and that the services as notary public thereafter performed were voluntarily performed, and without any obligation on behalf of the city to pay therefor; and the jury, under proper instructions, having found that such an implied agreement existed, the plaintiff was precluded from recovering from the city what Brady would have been entitled to receive but for the existence of that implied agreement. The right of a notary public to recover his fees is based upon an implied contract to pay therefor (McCann v. City of New York, 52 App. Div. 358, 65 N. Y. Supp. 308; Fisk v. Jefferson Police Court, 116 U. S. 131, 6 Sup. Ct. 329, 29 L. Ed. 587); and, when the implication of such an agreement is rebutted by evidence which justifies a finding that the person performing the services agreed that he would not be entitled to additional compensation for the services rendered, the basis of the claim falls. When Brady was informed by the chief clerk in the office of the corporation counsel that the city would thereafter pay no fees to any employé for services rendered as notary public, and acquiesced in that ruling by remaining silent and by continuing to perform the notarial duties without protest, there was evidence from which the jury could find that he performed the services under the conditions imposed by the appointing power, and justified them in finding that the services were performed un-

der an implied agreement that thereafter he was to receive no compensation for his services in addition to the regular salary paid to him by the city.

We also think the answer was sufficient to raise the question; that a question of fact was presented, which justified its submission to the jury; and that the verdict of the jury was sustained by the evidence.

It follows that the judgment appealed from should be affirmed, with costs. All concur.