**HULL, Exrx., Etc., Appellee, v CLEVELAND (City), Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County

No. 20224. Decided June 12, 1946.

(HILDEBRANT, PJ, MATTHEWS & ROSS, JJ., of the First District sitting by designation in the Eighth Appellate District.)

Rocker & Schwartz, Cleveland, for Plaintiff-Appellee.
Lee C. Howley, Cleveland, Charles W. White, Cleveland, for Defendant-Appellant.

## OPINION

By HILDEBRANT, PJ.

Action for money only in the Municipal Court of the City of Cleveland, for a claimed deficiency of $1500.00, under the minimum required by §1573-3 GC, in salary as Municipal Judge for the year 1924.

Defendant interposed a demurrer, specifically setting up as a bar to the action the six year statute of limitations, §12222 GC, or the ten year statute, §11227 GC. The Court overruled the demurrer, and the defendant declining to plead further, entered judgment for plaintiff for the full amount.

The appeal is here on questions of law.

The petition shows on its face plaintiff's fiduciary capacity, the election, qualification, and service of plaintiff's decedent as Municipal Judge for a six year term, beginning January 1, 1933 and ending December 31, 1939, and pleads that part of §1579-3 GC, requiring the City to pay its Municipal Judges "not less than six thousand dollars per annum payable in monthly installments out of the treasury of the City of Cleveland, as the council may prescribe." It further alleges that in the year 1934 only $4500.00 in salary from the city was paid, leaving the deficiency of $1500.00 sued for here.

This suit was filed July 2, 1945. Viewing the facts most favorably to plaintiff, the deficiency consists of the salary installments due for the last three months of the year 1934, so that the cause of action accrued at the latest on January 1, 1935.

It is contended for the demurrer that the suit being for a deficiency of salary required by the statute, it forms the basis of plaintiff's claim and is obviously barred by §12222 GC, providing as follows:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

It is further claimed that if §12222 GC be not applicable, then the claim is also obviously barred by §11227 GC, providing:

"An action for relief not hereinbefore provided for shall be brought within ten years after the cause thereof accrued. This section does not apply to an action on a judgment rendered in another state or territory."

Plaintiff makes the bare, unsupported contention that neither of the above statutes is applicable, but contends that if any statute of limitations may be applied it is §11221 GC as follows:

"An action upon a specialty or an agreement, contract or promise in writing shall be brought within fifteen years after the cause thereof accrued."

Plaintiff's theory is that the relationship between the public official and the municipality is contractual and plaintiff relies solely on the following statement contained in the body of the opinion in **City of Cleveland v Luttner, 92 Oh St 493,** at page 494, supporting that theory and as being the law of Ohio:

"A public officer is a public servant, whether he be a policeman of a municipality or the president of the United States. His candidacy for appointment or election, his commission, his oath, in connection with the law under which he serves, and the emoluments of his office constitutes the contract between him and the public he serves."

It is further argued that the statute of limitations as to contract in writing applies, because the Judge was elected by written ballot and certified as elected and commissioned in writing.

Plaintiff's contractual theory of public office, while long ago advanced, in fact never became established but the contrary view has become universally recognized and long followed by the Ohio Courts. 22 R. C. L. 379; **32 O. Jur. 869, 872;** Again, at pages 875 and 876 the following is stated:

"A public office, on the other hand, is never conferred by contract, but finds its course and limitations in some act or expression of the governmental power."

In **State ex rel Attorney General v Hawkins, 44 Oh St 96,** 5 N. E. 228 it is stated at **page 110"**

"A public office and its creation is a matter of public and not of private law."

In **Steubenville v Culp, 38 Oh St 18, at page 23** it is stated:

"Offices are held in this country, neither by grant nor contract nor has any person a vested interest or private right of property in them."

This Court will reiterate here that a public office is a public trust to which the compensation attaches but as an incident to the office tending to promote the better performance of duty in the interest of the public, and that no vested right to the office or the emoluments thereof exists in the

officer. That legal title to the emoluments or the right thereto accrues only after service rendered.

In Fisk v. Jefferson Police Jury, 116 U. S. 131, the following appears at pages 133-134:

"We do not assert the proposition that a person elected to an office for a definite term has any such contract with the government or with the appointing body as to prevent the legislature or other proper authority from abolishing the office or diminishing its duration or removing him from office * * *."

"But after the services have been rendered, under a law, resolution or ordinance which fixes the rate of compensation, there arises an implied contract to pay for those services at that rate."

In Mississippi ex rel Robertson v Miller, 276 U. S. 174 at page 179, Justice Butler states:

"But after services have been rendered by a public officer under a law specifying his compensation, there arises an implied contract under which he is entitled to have the amount so fixed. * * * This case is ruled by Fisk v. Jefferson Police Jury, 116 U. S. 131."

The Luttner case relied upon by plaintiff turned on the fact of wrongful discharge of the officer and while in the body of the opinion the word "contract" is gratuitously used, by reading on, we find the Court attempting to vindicate the principle, that for every wrong a remedy must exist, and using the terms "wrongful," "wronging" and "wronged" and "wrong" which is the language of tort, as distinguished from that of contract. It, therefore, appears that the use of the word "contract" in the statement, supra, was merely a resort to the language of contract to describe a relationship having many incidents similar to a contractual relationship, but loosely used and without the necessity or intention of determining the technical status of a public officer. In **Ecker v. City of Cincinnati, 52 Oh Ap 422,** this court, through Judge Hamilton, discussed the Luttner case, coming to a similar conclusion.

In **Hansen v Cleveland, 132 Oh St 625,** the supreme court indicates its dissatisfaction with the language used in the Luttner case.

It appearing on the face of the petition that the right to compensation here claimed grows out of the statute and that an implied contract arose after services performed, the six year statute of limitations applies and the demurrer should have been sustained, the ten year statute not being applicable.

**Wright v City of Lorain, 70 Oh Ap 337** is approved and followed.

Judgment reversed and cause remanded with instructions to enter final judgment for defendant.

HILDEBRANT, PJ, MATTHEWS and ROSS, JJ, concur in syllabus, opinion and judgment.