BUENAVENTURA ROSARIO, Plaintiff and Appellee, *v.* ANTONIO
  MIRÓ SOJO ET AL., MEMBERS OF THE INSULAR POLICE
  COMMISSION OF PUERTO RICO, Defendants and Appellants.

No. 10664.   Argued October 1, 1952.—Decided February 10, 1953.

*Víctor Gutiérrez Franqui, Attorney General,* and *Edgar S. Belaval, Assistant Attorney General,* for appellants. *Manuel Orraca Torres* and *Guillermo S. Pierluisi,* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In the former District Court of Puerto Rico, San Juan Section, Buenaventura Rosario filed a mandamus proceeding against the members of the Insular Police Commission of Puerto Rico and against the Governor of Puerto Rico requesting that he be reinstated to his office of first lieutenant of the Insular Police, and requesting further that he be paid the salaries accrued and not received from the date in which he should have been restored to office until the date in which he should be finally reinstated. The uncontroverted facts are the following:

On December 9, 1947 the Insular Police Commission approved plaintiff's removal from his office as district chief for physical disability by virtue of a certificate issued by the physician of the Insular Police. Subsequently, after another physical examination, it was determined that plaintiff's physical disability had ceased and the Commission ordered his reinstatement in the police force. After several steps were taken by plaintiff the Commission approved his reinstatement, on June 21, 1949, as district chief, but later disregarded its own decision and has failed to reinstate plaintiff. On April 16, 1949 and on April 22 of that same year several offices of first lieutenant became vacant and in those occasions other persons were appointed to fill them. At the time an amended petition for mandamus was filed, other offices had also become vacant and were pending to be filled. After his retirement, and prior to the new physical examination which had determined the termination of plaintiff's physical disability, that is, on April 14, 1948, plaintiff requested from the Savings and Loan Fund for the Employees of the Insular Government of Puerto Rico that his insurance for physical disability be granted and on June 24, 1948 said

Association answered plaintiff that his petition for insurance had been approved for the amount of $1,429 and that it would be paid on November 1953; he was likewise informed that he was entitled to advances by way of loans equivalent to 60 per cent and 20 per cent of the amount of his insurance. On June 28, 1948 plaintiff filed two petitions for advances for the amounts of $857 and $285, both being guaranteed by two sureties. Plaintiff obtained those advances chargeable to his physical disability insurance.

In the light of these facts, the former District Court of Puerto Rico, San Juan Section, sustained the complaint and issued a peremptory writ of mandamus ordering the Commission to appoint him as first lieutenant and to pay him his salary as such from December 1, 1949, date in which there was a vacancy after the amended petition for mandamus was filed. Defendants have appealed to this Court assigning the following errors:

"1. The District Court erred in holding that § 20 of Act No. 52 of 1921, as amended, has been repealed by Act No. 447 of 1951.

"2. The District Court erred in not holding that plaintiff could not be restored to his office because he availed himself of the insurance for physical disability.

"3. The District Court erred in not dismissing the petition because there were no vacancies.

"4. The District Court erred in ordering the payment of back salaries to plaintiff."

■ At the outset, it is convenient to point out, insofar as the remedy of mandamus invoked by plaintiff is concerned, that in Colón v. Insular Police Comm'n, 72 P.R.R. 834, it was held that against the decision of the Governor affirming an order of the Insular Police Commission removing one of its members from the police force, the aggrieved party may only resort to the special remedy of certiorari authorized under § 9 of the Act of March 12, 1908, (Sess. Laws, p. 147) as amended by Act No. 150 of 1938 (Sess. Laws, p. 329).

In that case petitioner had filed a petition for mandamus and this Court held that said proceeding did not lie. However, the afore-cited case of *Colón* v. *Insular Police Comm'n, supra,* is not applicable to the circumstances herein. Section 9 of the Act which provides for the organization, regulation and government of the Insular Police of Puerto Rico, as amended by Act No. 150 of May 9, 1938 grants the remedy of certiorari against the decision of the Governor of Puerto Rico affirming an order from the Insular Police Commission in cases of discharges, removals and demotions of sergeants, corporals and guardsmen. The case at bar involves the refusal to reinstate a chief of the police, first lieutenant at present, in his former office as such. This case does not involve a discharge, removal or demotion of a sergeant, corporal or guardsman and, therefore, the afore-cited statutory provision is not in point. Furthermore, § 9 refers in its entirety to a proceeding for preferring charges before the Commission which culminates in a removal or demotion, after a hearing thereof, which is not the situation involved herein.

■■ Let us consider the merits of the petition for mandamus. Section 27 of the afore-cited Act for the organization of the insular police, amended by Act No. 46 approved July 15, 1925 (Sess. Laws, p. 262), provides, in part, as follows:

"The Commission shall order the discharge of any person who becomes physically disqualified, when such disqualification is shown by a medical certificate, or who has been convicted of a felony before a competent court; *Provided,* That where the physical disqualification is of a temporary nature, at any time that the said disqualification shall cease, the member of the police who shall have been discharged shall, on a medical certificate, have the right to be again admitted in the force, if he so requests."

Section 20 (*d*) of Act No. 52 of July 11, 1921 (Sess. Laws, p. 374), as amended by Act No. 189 of May 11, 1942 (Sess. Laws, p. 962), refers to the death insurance and for physical

disability for the members of the Savings and Loan Fund for the Employees of the Insular Government of Puerto Rico, and provides, in part, as follows:

"(d) And the remaining eighty-five (85) per cent shall be applied in each case to the payment, strictly by turns, of the disability or death insurance; *Provided, however,* That the ten (10) per cent mentioned in clause (c) hereof may, by well-founded resolution of the board of directors, be increased, provided the said board is justified therefor, for the purpose of preventing the accumulation of cases pending liquidation, or may be reduced when the amount of said fund is considered sufficient to liquidate the cases in excess which may arise in a reasonable period of time in the discretion of the board; *Provided, further,* That in case more than four deaths or cases of disability occur in any one month, these shall be paid in the manner stated in clause (c) or in default thereof, if this were impossible, in the succeeding months in the order in which such deaths or disabilities shall have occurred; *Provided, also,* That the board of directors is hereby empowered to grant *loans* to disabled members and to the beneficiaries of deceased members when such persons would have to await their turn for a longer period than two (2) months to collect the amount of the corresponding insurance, for a term not to extend beyond the date on which the member or his beneficiaries shall receive the total amount of insurance, and the amount thereof shall not exceed sixty (60) per cent of the amount corresponding to them for their insurance, taking as a basis the amount of the last insurance paid for disability or death. These *advances* shall be made upon written application of the interested party, in a special printed form which shall be furnished by the association for that purpose, and when there are two or more persons interested in the insurance as beneficiaries, the board may grant the advance to all of them jointly or separately, in which last case, attention shall be given to the aliquot part pertaining to each under the declaration of beneficiaries required under Section 3 of this Act or under the declaration of heirs. In case that said declaration of beneficiaries has not been made, no application for an advance shall be considered until the proper declaration of heirs shall have been made and filed with the board of directors of the association. For every advance so made, interest shall be deducted at a rate of not more than

three (3) per cent per annum on the amount advanced and the amount of said advance shall be deducted, at the time of the liquidation of the corresponding insurance, from the total amount of the insurance and shall be credited to the funds of the association. In case of necessary and positive urgency, when the beneficiaries are minors or when the minors are not beneficiaries but are under the *patria potestas,* or the care of the beneficiary or beneficiaries, and the latter, are in need of food, or when a disabled member who lacks the necessary means for his medical treatment or his most urgent needs, the board of directors, after investigation and verification of these facts, may grant an additional advance of twenty (20) per cent in excess of sixty (60) per cent already advanced and under the same conditions as the latter, provided that a good and sufficient surety is given in favor of the association with two solvent bondsmen who bind themselves to pay the difference which might result in excess of the amount of the total advance granted at the time of liquidating the insurance policy if such were the case. In cases involving minors who are beneficiaries, the corresponding judicial authorization shall be required in order to grant said advance of sixty (60) and twenty (20) per cent; *And provided, also,* That the Civil Service Commission shall not certify, approve or submit in any list of three candidates, or in any other form, the name of any person who has obtained from said association insurance because of ´permanent physical disability, as elegible for appointment, and it shall so state in every list of three candidates or document, to any office of the Classified or Unclassified Civil Service of the Insular Government, and the heads of departments, offices, or bureaus, including the Office of the Auditor, the Office of the Executive Secretary, the *Insular Police* and the University of Puerto Rico, *shall abstain from appointing for any such office, without any excuse or pretext whatever, any such person who has obtained from said association insurance because of permanent physical disability,* and should said person be appointed, he shall be responsible to the association with his salaries for the amount paid to him for such insurance, upon a duly founded resolution of the board of directors, of which the Auditor of Puerto Rico shall be given notice for compliance therewith . . ." (Italics ours.)

The court *a quo* held that the afore-cited § 20 (*d*) has been implicitly repealed by Act No. 447 of 1951 (Sess. Laws, p. 1298). We need not consider, for the purpose of this case, whether or not said repeal was effected inasmuch as we assume and decide that said § 20 (*d*) is not applicable to petitioner's case. Pursuant to its own terms, said provision does not apply to his reinstatement as chief or lieutenant of the police. The chiefs or lieutenants of the Insular Police were not previously included in the Classified Civil Service of the Insular Government and are not included at present in the special classification of the Personnel Act. Inasmuch as the afore-cited § 20 (*d*) of Act No. 52 of July 11, 1921 as amended by Act No. 189 of May 11, 1942, is not applicable to the case at bar, the latter is exclusively covered by § 27, Act for the Organization of the Insular Police and, therefore, the petitioner is entitled to re-enter the police force as first lieutenant and to be reinstated as such. It being the case of reinstatement to his office by virtue of operation of law, the Insular Police Commission is bound to appoint petitioner as first lieutenant of the insular police.

A problem arises as to petitioner's right, within this mandamus proceeding, to claim the payment of the accrued salaries from the time he should have been reinstated to his office. This Court has expressed its concern as to the "serious legal question" of whether the courts may, within a mandamus proceeding, grant the incidental remedy of payment of back and unpaid salaries by virtue of an illegal removal from office. *Santiago* v. *Fernós, Commissioner*, 70 P.R.R. 696, 698; *Matos* v. *Gándara*, 69 P.R.R. 19, 25; *Abella* v. *Tugwell, Governor*, 68 P.R.R. 430, 432. Although mandamus is a legal remedy it partakes of the nature of an equitable remedy, *Rodríguez* v. *District Court*, 53 P.R.R. 548 and does not have any of the characteristics of the civil action for the collection of a debt. *Peña y Balbás* v. *Municipal Court*, 55 P.R.R. 677. However, in consonance with the

letter and spirit of the Rules of Civil Procedure (Rule 18) applicable to mandamus proceedings (Rule 81; *Martínez* v. *Morales*, 72 P.R.R. 200), a plaintiff may join either as independent or as alternate claims as many claims as he may have against an opposing party, it being provided that an accessory claim may be joined to the principal action. *Sánchez* v. *District Court*, 64 P.R.R. 456; *People* v. *Rodríguez*, 67 P.R.R. 688; *Pagán* v. *Santiago*, 69 P.R.R. 136, 139; *Acevedo* v. *District Court*, 70 P.R.R. 89. Such liberality in permitting a broad joinder of actions in a single complaint was adopted with a view to eluding the formalities of former legal systems by adopting realistic concepts as to the procedural convenience of considering and deciding in a single action all the consequences of a series of facts which are interrelated for the purpose of simplifying the proceedings and expediting the administration of justice. *Sánchez* v. *District Court, supra;* 3 Moore's *Federal Practice* 1803, 2d ed. From that point of view, in a mandamus proceeding the question of salaries to officers illegally removed may be considered and litigated. *Cf. Cowan* v. *State*, 116 P. 2d 854, 136 A.L.R. 1330.

Although it is proper to consider and litigate in a petition for mandamus a claim for recovery of back pay, however, and like in all other cases of joinder of actions, under Rule 18, the remedy may only be granted according to the substantive rights of the parties. Even if the petitioner herein was entitled to be reinstated in the office of first lieutenant of the Insular Police, if, as a matter of fact, the offices of first lieutenant were being held and discharged by other persons during the time in which petitioner ought to have been restored to his office, and those persons, as officers de facto, received the salaries pertaining thereto, the petitioner is not entitled to salaries in this mandamus proceeding. *Géigel* v. *Rivera, Commissioner*, 48 P.R.R. 120, 129, 130; 5 A.L.R. 572, 583; 35 Am. Jur. 21; 55 C.J.S. 410; 67

C.J.S. 360. The public welfare requires that a public office be continuously discharged, and therefore, the desideratum is to the effect that the inherent duties in the public positions be performed at all times by an officer, although he be de facto. This implies the payment of salaries to such officers and therefore, the government should not be compelled to pay the salary pertaining to a public office twice. *Glenn* v. *Chambers*, 48 N. W. 2d 275; *Harding* v. *City of Des Moines*, 188 N. W. 135. Furthermore, and independently of the statutory provisions which hold the contrary, while possible, the legal title to the salaries or emoluments must be the result of services rendered. *Bowlin* v. *Franklin County*, 120 So. 453. As a general rule, the performance of a public office must not be considered as a private right of property but as a fiduciary right for the benefit of the public served and therefore compensation is incidental to the office. *Hull* v. *City of Cleveland*, 70 N. E. 2d 137. As additional grounds for the rule which forbids the payment of salaries by the government when said salaries have already been paid to a de facto officer, it has been stated that the disbursing officers of a municipality should be entitled to rely in the apparent title of the "de facto" officer and must not be compelled, before authorizing the payment of said salaries to clothe himself with judicial power to determine who is entitled to the salaries. *City of Peru* v. *State*, 199 N. E. 151; *City of Ashland* v. *Barney, Adm'r.*, 22 S. W. 2d 255.

It could be argued that the right to receive the salary is an incident which attaches to the legal right to an office and that the salaries ought to be obtained from the moment that the right to reinstatement to office was acquired; the right to salaries being created by law and not by a contractual provision, and, therefore, independent of the services rendered. *Benwell* v. *Lowery*, 173 P. 2d 690, 692; *City of Anniston* v. *Douglas*, 34 So. 2d 467. However, such technical concept must be subordinated to the prevailing public interest of avoiding all interruptions in the performance of

services to the public for which an office is created and preventing the duplicity in the payment of salaries.

The lower court concluded that when the amended petition for mandamus was filed an office of first lieutenant of the Insular Police was vacant and it ordered the payment of back salaries to the petitioner from that date. Technically, there was no officer de facto when the amended petition for mandamus was filed. This notwithstanding, what determined the filing of the mandamus proceeding was the substantial controversy as to petitioner's right to reinstatement. Said controversy was not decided until after the court *a quo* rendered judgment ordering his reinstatement. The defendant could reasonably fill the vacancy existing at the afore-mentioned date, before the judgment was rendered, precisely on the grounds which serve as a basis to the prohibitory rule of the dual payment of salaries, that is, they could reasonably fill the vacancy notwithstanding the existence of a judicial controversy, with some reasonable basis, for the purposes of maintaining uninterruptedly the rendering of services to the public. We consider it more reasonable and fair that the back salaries be paid from the date in which the court *a quo*, rendered judgment ordering petitioner's reinstatement. The judgment having been favorable to petitioner, the government would have acted improperly in filling any existing vacancy with a de facto officer. Notwithstanding the fact that an appeal has been taken to this Court from the judgment rendered by the District Court of San Juan, since said appeal was taken by the defendants, they assumed the responsibility for the delay and, therefore, the salaries must be paid from the date in which the court *a quo* rendered its judgment. *Corbett* v. *City of Chicago*, 55 N. E. 2d 717, affirmed in 62 N. E. 2d 693.

The judgment appealed from will be modified by ordering the defendants to take the necessary steps leading to the payment of petitioner's salary as first lieutenant of the Insular Police from January 21, 1951, date in which the

court *a quo* rendered judgment, and as modified the judgment appealed from will be affirmed, ordering the members of the Insular Police Commissioner to appoint petitioner Buenaventura Rosario as first Lieutenant of the Insular Police.

Mr. Justice Belaval did not take part in the decision of this case.