BEATTY, Justice.
This is an appeal from the grant of a motion to dismiss in favor of the defendants. We reverse and remand.
In their original complaint the plaintiffs alleged that they were electrical workers who were employees of the defendants and who were performing services as such on construction jobs on state properties or on which private contractors were working with state financing. They further alleged that the defendants, as “successful bidders,” were required by the terms of Code of 1975, § 39-4-1 et seq., (the Prevailing Wage Act), to pay the prevailing wage in the work area to their employees. Section 39-4-1 reads:
It is hereby declared to be the public policy of this state that the state of Alabama or any state agency, department or board thereof which is the contracting authority for construction, alteration and/or repairs, to be performed on state-owned properties or to be state financed, in whole or in part, to be performed by private contractors, shall require the successful bidder to pay the prevailing wage in the work area to their employees.
The defendants were alleged to have “willfully, wantonly, maliciously, and intentionally” failed to pay the plaintiffs the requisite prevailing wage and “therefore, the plaintiffs bring this action pursuant to Code of Alabama § 39-5-15 .. . . ”
*923 The complaint was amended by adding Count Two which alleged that the defendants had entered into written agreements agreeing to pay plaintiffs according to Alabama laws, specifying four separate contracts entered into during 1976 and 1977. Alleging that the plaintiffs are third-party beneficiaries of those contracts, the plaintiffs alleged their breach by the failure to pay the prevailing wage required by § 39-4-1.
The defendants’ motion to dismiss was based upon Act No. 79-122 of the 1979 Regular Session of the Alabama Legislature:
Unless the legislature in its 1980 Regular Session takes action to continue the provisions of Section 39-4-1 through 39-4-18 of the Code of Alabama 1975, the provisions shall be automatically repealed effective sine die of the 1980 Regular Session of the Legislature.
The defendants’ motion to dismiss alleged that no Act was passed by that legislature to continue the provisions of §§ 39-4-1 through 39-4-18, nor was any saving clause enacted, and thus the effectiveness of the repealed Act was destroyed and plaintiffs’ right to proceed under the statute was thus divested.
The trial court agreed with that position and dismissed the complaint. A subsequent motion for reconsideration was denied.
It is axiomatic that a motion to dismiss should only be granted when it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to recovery. Jeannie’s Grocery v. Baldwin County Elec. Membership Corp., Ala., 331 So.2d 665 (1976). In considering that motion, the allegations of the complaint are construed in a light most favorable to the complainant. Pruitt v. Pruitt, Ala., 343 So.2d 495 (1977).
Applying these principles in this case, the plaintiffs have alleged that they were employed by employers who performed construction contracts covered by § 39-4-1 et seq., the Prevailing Wage Act. They allege that they were third-party beneficiaries of those contracts and were not paid money they had earned as employee-beneficiaries under those contracts. Thus the ultimate and controlling issue is whether, because of that Act’s repeal, the plaintiffs were thus divested of their causes of action for wages earned.
The defendants’ position is that the repeal of the statute without a saving clause had the effect of terminating all proceedings under the statute. We are cited to a statement contained in 1A J. Sutherland, Statutes and Statutory Construction, § 23.-33 (Sands ed. 1972) for that proposition:
The effect of the repeal of a statute where neither a saving clause nor a general saving statute exists to prescribe the governing rule for the effect of the repeal, is to destroy the effectiveness of the repealed act in futuro and to divest the right to proceed under the statute, which, except as to proceedings past and closed, is considered as if it had never existed.
The plaintiffs filed their complaint on March 3, 1978 and' amended it on June 9, 1980. Meanwhile the 1980 Regular Session of the Legislature closed on May 19, 1980 without continuing the Act or enacting a saving clause. According to the defendants, that event terminated the plaintiffs’ claims.
Our perusal of Mr. Sutherland’s treatise expands the dimension of the problem, for in the next succeeding section he comments upon the exception to such inaction for vested rights:
Under common law principles of construction and interpretation the repeal of a statute or the abrogation of a common law principle operates to divest all the rights accruing under the repealed statute or the abrogated common law, and to halt all proceedings not concluded prior to the repeal. However, a right which has become vested is not dependent upon the common law or the statute under which it was acquired for its assertion, but has an independent existence. Consequently, the repeal of the statute or the abrogation of the common law from which it originated does not erase a vested right, *924 but it remains enforceable without regard to the repeal.
In order to become vested, the right must be a contract right, a property right, or a right arising from a transaction in the nature of a contract which has become perfected to the degree that the continued existence of the statute cannot further enhance its acquisition. [Sutherland, supra, § 23.34 at 283.]
Among the citations in support of this exception is McCann v. City of New York, 52 App.Div. 358, 65 N.Y.S. 308 (1900). In that case the plaintiff’s intestate had performed labor and services for the department of public works of the City of New York at a time when an existing statute had required all laborers and workingmen in the employ of a municipality to receive not less than the prevailing wage in their localities. The intestate having received less, his administrator sued for the difference and alleged those facts. The demurrer to this complaint (apparently a “speaking” demurrer) alleged that the statute in question was later amended by deleting the language which had made the original Act apply to laborers and workingmen, to the effect that the plaintiff had no cause of action because his action was instituted after the change was made. This contention ’ was rejected for two distinct reasons, one of these being pertinent here:
It is not to be controverted that the right arose out of a statute, nor is it to be doubted that, if the right were merely an inchoate one, it could be taken away before enforcement, by a subsequent statute repealing that which conferred the right. Retrospective state laws which do not impair the obligation of contracts are not invalid simply because they may disturb vested rights, “but a law subsequent to the contract, directly annulling it, or changing its terms by adding or releasing material conditions, provisions, or stipulations, presents a clear case of the direct impairment of the obligation.” [Citation omitted.] In this case there was nothing inchoate or incomplete. Contract rights were established between the city of New York and the plaintiff’s intestate by virtue of the provisions of the act of 1894. Under that provision the municipality was not only authorized, but was required, to pay on its contracts of labor the prevailing rate of wages. That provision became one of the terms of the contract of employment, just as any other positive provision of law respecting contracts is incorporated in and becomes part of them. Here the service was rendered, the work performed, the wages earned, and the right to payment had become absolute under the terms of the contract as made by the statute. A cause of action resting in contract accrued, and that cause of action is a property right, a vested right, — vested if for no other reason than of the complete performance of the contract of employment by the plaintiff’s intestate. Where a statute authorizes a state or a municipality [a fortiori a private contractor] to enter into a contract for compensation with an employee, as distinguished from an officer, of the state or municipality, and a contract at a fixed compensation is made in pursuance of that authority, and the service performed, the right of the employee to that compensation is a vested right, notwithstanding the statute under which the contract was made may have been repealed before the expiration of the period of employment. [Citation omitted]. Here there was full and complete performance before the enactment of any statute which can be regarded as a repeal. The application of the rule is not affected by the simple circumstance that the wages are earned from day to day. They were fixed day’s wages. The laborer gave his work as a consideration for the wages to which hq was entitled by the statute, and his right to those wages became consummate on his performance of the contract of employment.... [65 N.Y.S. at 310.]
Accord, Bibb v. Hall, 101 Ala. 79, 14 So. 98 (1893).
The case of Saad v. Cline, 51 Ala.App. 668, 288 So.2d 731 (1974), cited by the defendants, is inapposite. That case did not concern any vested right, but dealt only *925 with whether or not a statutory writ of cer-tiorari might issue by a Mobile County circuit judge from a civil judgment of that county’s court of general sessions. The statutory authority for the issuance of such a writ, a procedure for review, was later repealed, and it was held in Cline, supra, that the circuit judge no longer had such authority in view of the repeal. It should be noted also that the repeal occurred in 1971 and the petition for statutory writ was filed in 1973. Clearly, therefore, the right to proceed under the earlier statute had been divested and there were no “past and closed proceedings” which could have made an exception.
Wilkinson v. State, Ala., (1981) 396 So.2d 86 (1981), is not controlling because it dealt with an injunction which, because of its continuing nature purported to exist after the repeal of the statute which had originally authorized it. Blake v. State, 178 Ala. 407, 59 So. 623 (1912), also cited by the defendants, in fact recognizes the exception for vested rights. Ex parte State of Alabama, 52 Ala. 231 (1875), involved a suit against the state itself, not a vested right but a matter of grace only.
We concur in the reasoning expressed in McCann, supra. See also Arnold & Murdock Co. v. Industrial Commission, 314 Ill. 251, 145 N.E. 342 (1924), and Leach v. Commercial Sav. Bank, 205 Iowa 1154, 213 N.W. 517 (1925) (on vesting).
It follows that the repeal of the provisions of § 39-4-1 et seq., did not operate to eradicate any vested rights of these plaintiffs to wages which might have accrued to them by virtue of contracts falling within the purview of those provisions, and for the recovery of which they had a cause of action. Accordingly, the judgment of dismissal is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.